UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:16-CR-194 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| FUHAI LI, | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## PRETRIAL DISCOVERY MOTIONS

NOW COMES, the Government, by and through Assistant United States Attorney, Michelle Olshefski, and files the following brief in response to the defendant's discovery motion and/or requests filed to MDPA 3-CR-16-194 ("*Fuhai Li's Motion for Bill of Particulars and Discovery*). The defendant's motion is overbroad and seeks information to which he is not entitled. Notwithstanding the over breadth, the Government has produced and/or made available all discovery currently in its possession in advance of this discovery request, and some under a protective order. Most of the requested information was produced months ago. All of the information currently sought by the defendant, which has not been produced, is neither Rule 16 discovery nor *Brady* information.

## Procedural History

On July 20, 2016, a federal grand jury returned a 24-count Indictment charging the defendant, Fuhai LI, with various violations of federal law. Counts 1 through 15 charge violations of 21 U.S.C. § 841(a)(1), for LI's distribution and

dispensing of controlled substances outside the usual course of professional practice and not for a legitimate medical purpose. Count 16 charges a violation of 21 U.S.C. § 841(a)(1), for LI's distribution and dispensing of a controlled substance resulting in serious bodily injury and death of a person. Count 17 charges a violation of 21 U.S.C. § 861(f), for LI's distribution and dispensing of a controlled substance to a pregnant individual. Counts 18 and 19 charge violations of 21 U.S.C. § 856(a)(1), for LI's maintaining locations at 104 Bennett Avenue, Suite 1B, Milford, Pennsylvania, and 200 3rd Street, Milford Pennsylvania, for the purpose of unlawfully distributing controlled substances. Counts 20 and 21 charge violations of 18 U.S.C. § 1957, for LI engaging in monetary transactions in property derived from a specified unlawful activity. Counts 22 through 24 charge violations of 26 U.S.C. § 7201, for LI's tax evasion. The 23-page Indictment, which includes a detailed recitation of facts supporting the charges, also includes a forfeiture allegation seeking forfeiture of various property and U.S. Currency. *See MDPA 3:16-CR-194, Doc. #1.*

## Motion for a Bill of Particulars

The defendant requests that the Government be required to provide a "Bill of Particulars" seeking, among other things, specific information relating to his patients, including names, addresses, dates of treatment, monies paid, and locations of treatment. The defendant is not entitled to a bill of particulars under the law or under the facts of this case. The Government has already provided discovery in this

case, including the complete medical records of all patients seized from the defendant's office and home during the execution of a federal search warrant in January 2015. In fact, the Government provided a complete "mirror image" of the seized data as described. In other words, the defendant has the exact electronic copy of medical files as the Government has. The "mirror image" includes all identifying information about each of LI's patients, including personal identifying information, private medical information, prior medical treatment, prescriptions, dates of treatment, locations of treatment, diagnoses, and all billing and payment methods.

The Government has already provided the defendant with all financial information in its possession, including United States Federal Tax Returns for all relevant years, all banking records, including all supporting documentation for all bank accounts.

The Government has already provided the defendant with a 29-page expert report of Dr. Stephen Thomas, who is expected to testify on behalf of the Government at trial. The report was provided under a protection order because it details and identifies all patients by name, dates of birth, medical diagnoses, treatment rendered, etc.

The Government has already provided the defendant with the 35-page affidavit in support of the search warrant executed in January 2015 at the residences and office of LI. The affidavit provides detailed information about the

federal investigation, the manner in which the information was obtained, and the conclusions drawn from the information.

All of the information the defendant now seeks by way of a bill of particulars is included in the discovery currently in the hands of the defendant. Should additional discovery become available as the investigation continues, it will be provided to the defendant.

"The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him [so that he may] adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described defense." *United States v. Addonizio,* 451 F.2d 49, 63-64 (3d Cir. 1971). A bill of particulars should only be granted where the indictment is too vague or indefinite to reasonably allow a defendant to prepare his defense. *Id.* at 64.

It is well settled that a defendant is not entitled to a bill of particulars as a matter of right. *Wong Tai v. United States*, 273 U.S. 77, 82 (1927). Rule 7(f) of the Federal Rules of Criminal Procedure authorizes a bill of particulars only where an indictment fails to sufficiently apprise the defendant of the offense with which he is charged. Such a bill is not necessary when the indictment "sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981); *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991). See also

*United States v. Hamling*, 418 U.S. 87, 117-19 (1974) (indictment that repeats wording of the statute is generally sufficient.)

A charging document satisfies this standard if it sets forth the elements of each offense charged, cites the statutes that are violated, and generally identifies the time and place of the defendant's conduct that allegedly violated the statute. *United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978). This is true because a defendant has a constitutional right to know only the offenses with which he is charged, not "the details of how it will be proved." *United States v. Kendall*, 665 F.2d at 135; *United States v. Richardson*, 130 F.3d 765, 776 (7th Cir. 1997); *United States v. Balogun*, 971 F. Supp. 1215, 1227 (N.D. Ill. 1997).

If an indictment is deficient, the "purposes of a bill of particulars are to inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Roman*, 728 F.2d 846, 856 (7th Cir. 1984). But if, as here, the indictment fully complies with the requirements of the Fifth and Sixth Amendments and Federal Rule of Criminal Procedure 7(c), a bill of particulars may not be employed to obtain evidentiary details about the Government's case. *E.g., United States v. Glecier*, 923 F.2d 496, 501 (7th Cir. 1991). As this Circuit has clearly stated:

> A bill of particulars, unlike discovery, is not intended to provide the
> defendant with the fruits of the government investigation. . . . Rather,
> it is

> intended to give the defendant only that minimum of information
> necessary to permit the defendant to conduct his *own* investigation.

*United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) (citations omitted; emphasis in original); *see also United States v. Automated Medical Laboratories, Inc.*, 770 F.2d 399, 405 (4th Cir. 1985) ("[a] bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial."); *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir. 1968)("[a]cquisition of evidentiary detail is not the function of the bill of particulars").  Similarly, a motion for a bill of particulars should be denied where the defendant is inappropriately seeking to require the government to "weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendants." *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971*); United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980) (a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial").

A bill of particulars is even more inappropriate when, as in this case, the Government supplements an indictment with extensive discovery.  Here, the Government already provided defendant with extensive discovery and made available all discovery, for the defendant's review in the Government's offices.  As the Fourth Circuit held in *United States v. SIGMA*, 624 F.2d 461, 466 (4th Cir. 1979), such "extensive disclosure by the Government" renders a bill of particulars inappropriate; *see also Canino*, 949 F.2d 928, 948 (Seventh Circuit holds

bill of particulars "not required when information necessary for a defendant's defense can be obtained through some other satisfactory form" and affirms district court's denial of such bill where government had "open file" policy).

For the foregoing reasons, it is clear that the Government should not be ordered to produce a bill of particulars and the defendant's motion should be denied. The Indictment in this case complies with the requirement that all essential elements of the alleged crimes be pleaded. Moreover, the Government has provided the defendant with extensive discovery, and access to almost all discovery not yet required to be provided. Therefore, in light of the case law and the specific circumstances of this case, a bill of particulars is simply not warranted.

**Motions for Discovery**

*Brady/Giglio Material*

The Government states at the outset that it has provided, and will continue to provide at the appropriate times, discovery of all information covered by this District's standing discovery order, as well as all material required to be disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). The Government therefore opposes the defendant's discovery motions regarding *Brady* and/or *Giglio* material because they are moot. The Government has already produced and made available to defense a myriad of discovery in a timely fashion.

The Government has an independent duty to disclose "evidence favorable to an accused.....material either to guilt or to punishment." *Brady v. Maryland*, 373

U.S. at 87.  Such exculpatory evidence goes to the heart of a defendant's guilt or innocence.  *United States v. Starusko,* 729 F.2d 256, 261 (3d Cir. 1984).[1]

Likewise, the Government must disclose evidence that may be used to impeach the credibility of key Government witnesses.  *Giglio*, 405 U.S. at 154.  *Giglio* material typically includes immunity agreements, plea agreements, money paid to a witness, and prior criminal convictions.

With respect to each of the above categories, once Government witnesses are identified, the Government will affirmatively seek from its witnesses any information relative to the defendant's requests.  If any requested information is discovered and becomes available, the Government will provide the same to defense counsel.

---

[1] *Brady*, however, does not require the prosecutor to seek out exculpatory evidence not in the possession of the prosecution team.  *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).  Thus, *Brady* does not impose "a duty on the prosecutor's office to learn information possessed by other Government agencies that have no involvement in the investigation or prosecution at issue."  *United States v. Morris,* 80 F.3d 1151, 1169 (7th Cir. 1996).  For example, in *Morris, Brady* did not require the Government to seek out allegedly exculpatory information in the hands of the IRS, the SEC, or other federal agencies, when it had been unaware of the existence of that information because none of those agencies were part of the team that investigated the case or participated in the prosecution.  Similarly, in *United States v. Romo,* 914 F.2d 889 (7th Cir. 1990), a cocaine conspiracy case, the Government was not required to make inquiries of local police to see if they had any exculpatory information in their files.

*Fed.R.Crim.P. 16(a)(2) (generally)*

Discovery in a criminal case, which is narrower than civil discovery, arises from three sources – (i) discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure; (ii) discovery of prior statements of witnesses who testify at trial pursuant to the Jencks Act, 18 U.S.C. § 3500; and (iii) the Government's independent duty to disclose exculpatory evidence, *Brady v. Maryland*, 373 U.S. 83 (1963), or evidence that materially impeaches its witnesses, *Giglio v. United States*, 405 U.S. 150 (1972).

Pursuant to Rule 16, the Government must disclose to the defendant certain of his oral and written statements. Oral statements must be disclosed only if the Government "intends to use the statement at trial," and the statement was made "in response to interrogation" by a "Government agent." Fed. R. Crim. P. 16(a)(1)(A). As to written statements, the Government must disclose: (1) relevant statements of the defendant that are within the Government's possession, custody or control (or which the Government knows or ought to know exists); (2) written records of the substance of a defendant's oral statements made "in response to interrogation" by a "Government agent;" and (3) the defendant's grand jury testimony. Rule 16(a)(1)(B). Importantly, Rule 16 does not "authorize the discovery or inspection of statements made by prospective Government witnesses except as provided in 18 U.S.C. § 3500." Fed.R.Crim.P. 16(a)(2).

Also, Rule 16(a)(2) of the Federal Rules of Criminal Procedure specifically excludes from pretrial discovery (1) "reports, memoranda, or other internal

Government documents made by the attorney for the Government or other Government agencies in connection with the investigation or prosecution of the case; and (2) statements made by Government witnesses or potential Government witnesses except as provided under the Jencks Act, 18 U.S.C. § 3500. Thus, written or oral statements of witnesses, including coconspirators and codefendants, are not discoverable under Rule 16. *United States v. Fearn*, 589 F.2d 1316 (7th Cir. 1978); *United States v. Cook*, 530 F.2d 145 (7th Cir. 1976); *United States v. Percevault*, 490 F.2d 126 (2d Cir. 1974).

*The Jencks Act .........*
*Request for Information Relating to the Grand Jury Including Transcripts*

The defendant argues that he should be permitted to inspect all "information related to the grand jury proceedings" in this case, including the transcripts of testimony that occurred before the grand jury. This is so, he argues, because grounds "may" exist for a motion to dismiss the Indictment based upon "defects in the institution of the prosecution." *See MDPA 3:16-CR-194, Doc. #24, p. 26*. The defendant merely suggests that structural or procedural "irregularities" involving the grand jury might provide a basis for the defendant to move to dismiss the indictment. Without articulating a particular need for the requested information or any particularities regarding alleged irregularities, the defendant's request should be denied.

The Government suspects that the "information relating to the grand jury proceedings" sought by the defendant are the transcripts of witnesses appearing

before the grand jury.  One cannot tell from the defendant's brief.  In any event, the defendant's attempt to bypass Rule 6(e) and 18 U.S.C. § 3500 by getting early disclosure of Jencks material is without merit.

Pursuant to the Jencks Act, the Government is required to produce, for witnesses it calls at trial, any prior statement of the witness "in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b).  The law on this issue is clear: "[t]his Court cannot require early production of Jencks material." *United States v. Mariani*, 7 F.Supp. 2d 556, 564 (M.D. Pa 1998) (Vanaski, J.), *citing United State v. Murphy*, 569 F.2d 771, 773 (3d Cir. 1978).

Disclosure of grand jury testimony of trial witnesses is covered by 18 U.S.C. § 3500, the Jencks Act.  The defendant has shown no particularized need for advanced disclosure and his request for records of the grand jury to see if grounds "may" exist for a motion to dismiss the indictment is nothing more than a "fishing expedition," long rejected under federal law and practice.

Title 18, United States Code, §§ 3500 (a) and (e) state:

> (a) In any criminal prosecution bought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the Defendant) shall be the subject of a subpoena (sic), discovery, or inspection until said witness has testified on direct examination in the trial of the case.

11

(e) The term "statement", as used in subsections (b),(c), and (d) of this section in relation to any witness called by the United States, means —

> (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

Rule 26.2, which incorporates the Jencks Act into the Federal Rules of Criminal Procedure, limits discovery until after the witness has testified on direct examination. Likewise, Rule 16(a)(2) & (3) specifically exclude from pretrial discovery statements made by Government witnesses or potential Government witnesses, including grand jury testimony, except as provided under the Jencks Act. *United States v. Cook,* 530 F.2d 145 (7th Cir. 1976). A defendant's request for statements must be sufficiently precise to identify the particular statements sought. *United States v. Sanchez-Gonzalez,* 294 F.3d 563, 568 (3d Cir. 2002) (discovery properly denied because defendant failed to show with reasonable particularity that requested material existed). Requests are invalid if they are overly broad. *United States v. Pepe,* 747 F.2d 632, 657-58 (11th Cir. 1984) (Jencks Act request over broad where Government would have been forced to find and produce all statements that witness, a former participant in organized crime, ever made about organized crime and usury).

In the context of a criminal trial, the defendant is not entitled to review prior testimony of Government witnesses until the completion of their direct examination.

*United States v. Haire*, 371 F.3d 833, 841 (D.C. Cir. 2004) (statements made by

cooperating defendants at trial not discoverable until witnesses testified on direct

examination), vacated on other grounds, 543 U.S. 1109 (2005). Regarding witnesses

who appeared before the grand jury but who will not be called upon to testify, the

defendant has no right of access to such testimony. *United States v. Schier,* 438 F.3d

1104, 1112 (11th Cir. 2006) (a defendant is not entitled to statements of non-

testifying witnesses under the Jencks Act).

A party seeking disclosure of grand jury material under Federal Rule of

Criminal Procedure 6(e) must demonstrate a "particularized need." *United Kingdom*

*v. United States,* 238 F.3d 1312, 1321 (11th Cir. 2001) (particularized need not

demonstrated by broad request for all grand jury materials*); In re Grand Jury 95-1*,

118 F.3d 1433, 1437-39 (10th Cir. 1997) (assertions of possible injustice too vague to

overcome the overriding policy interest in grand jury secrecy*); United States v.*

*Miramontez,* 995 F.2d 56, 59-60 (5th Cir. 1993) (particularized need was not shown

because the request was general and did not specify which portion of the proceedings

should be disclosed); *United States v. Azad,* 809 F.2d 291, 294-95 (6th Cir. 1986) (per

curiam) (particularized need not shown when the request for wide-ranging search to

bolster unsubstantiated claim of prosecutorial misconduct was based on prosecutor's

"off-hand remarks").

In considering applications for disclosure of grand jury transcripts, the Court's

task is to scrutinize the request against the reasons for the rule of secrecy. These

reasons are: (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt. *United States v. Proctor & Gamble,* 356 U.S. 677, 682 n.6, 78 S.Ct 983, 986 (1958), *citing United States v. Amazon Industrial Chemical Corp.,* 55 F.2d 254, 261 (5th Cir. 1931)).

The cases cited by the defendant do not support his position. In fact, the defendant has not produced a single case where the Jencks Act was abrogated in favor of the unrestricted discovery to which he requests. In *Pittsburgh Plate Glass v. United States,* 360 U.S. 395 (1959), the defendant's post trial request for grand jury testimony was denied because no particularized need was shown. Similarly, in *United States v. Wallace*, 528 F.2d 863 (4th Cir. 1976), the Court found no error in the denial of the defendant's pretrial request for minutes of grand jury proceedings because no particularized need was shown.

Here, the defendant has likewise failed to show a particularized need for early disclosure of records related to the grand jury process and/or witness testimony before the grand jury. Moreover, his groundless speculation that disclosure of the grand jury materials "may" reveal a basis for a motion to dismiss the indictment does not constitute a showing of particularized need. This is precisely the sort of "fishing expedition" that 18 U.S.C. § 3500 was intended to prevent. As the Ninth Circuit noted in *United States v. Perez,* 67 F.3d 1371, 1381 (9th Cir. 1995), *withdrawn on other grounds,* 116, F.3d 840 (9th Cir. 1997), particularized need is not shown by speculative claims of prosecutorial misconduct. A bald request for grand jury material can never constitute a showing of particularized need. *United Kingdom v. United States,* 238 F.3d at 1321.

This defendant has shown nothing that would justify a departure from the Supreme Court's long-established policy that maintains the secrecy of the grand jury proceedings in the federal Courts. The "indispensable secrecy" of grand jury proceedings must not be broken except where there is a compelling necessity. *United States v. Proctor & Gamble,* 356 U.S. at 682. No such showing has been made in this case. The defendant's request is without merit and should be rejected.

Although the rule specifies that the material shall not be disclosed to the defendant until after the witness testifies, *see* § 3500(a), the Government intends to provide the defendant with Jencks and Giglio material no later than the Friday before trial, assuming trial is scheduled for a Monday.

*Rule 404(b) Notice*

The defendant has moved the court to order the Government to provide him with written notice of uncharged misconduct evidence it will offer at trial pursuant the Federal Rules of Evidence Rule 404(b).

Rule 404(b) of the Federal Rules of Evidence governs the admissibility of evidence of other crimes, wrongs or acts. The rule provides that "upon request of the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the Court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." The Government views the motion of the defendant as a request for notice of the Government's intention to offer such evidence.

The Government recognizes that pre-trial disclosure of Rule 404(b) material is helpful to minimize speculation by the defense as to the Government's theory of the relevance of such information and to avoid delays at trial. Courts have encouraged pretrial disclosure by the Government of its intention to introduce evidence of prior bad acts. *See United States v. Foskey*, 636 F.2d 517, 525-26 (D.C. Cir. 1980); *United States v. Fischbach & Moore, Inc.,* 576 F. Supp. 1384, 1397-98 (W.D. Pa. 1983). This early disclosure has been encouraged in order to facilitate the court's determination as to the admissibility of evidence under Rule

In the instant case, the Government will endeavor to provide defense counsel with reasonable pretrial notice of Rule 404(b) evidence. As counsel and

16

the court are aware, the existence of Rule 404(b) evidence often does not become

known until serious trial preparation is underway.

## Rule 803 (24) and 804 (b)(5)

The defendant seeks notice in advance of trial of all hearsay[2] statements the

Government intends to introduce at trial. Specifically, the defendant seeks notice of

all statements pursuant to Rule 803 (24) and 804(b)(5) of the Federal Rules of

Evidence. [3] As a preliminary matter, it would be impossible to recount the array of

---

[2] Hearsay is a statement, other than one made by the declarant while testifying at the trial or in a hearing, offered in evidence to prove the truth of the matter asserted. Fed.R.Evid. 801(c).

[3] Rules 803 (24) and 804(b)(5) are now found at Rule 807 (the residual exception). Rule 807 provides, in pertinent part:

A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the Court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purpose of these rules and the interests of justice will be best served by admission of the statement into evidence.

statements that will be admitted in the course of this trial, and seek pre-trial rulings on their admissibility. The Government will not seek to admit inadmissible hearsay in its case-in-chief. However, there is the possibility that certain statements made during the time period charged in the Indictment will be admissible as non-hearsay statements. These include, inter alia, statements that (a) are not offered for the truth of the matters asserted; (b) are verbal acts; (c) are instructions; (d) are questions; (e) are threats; (f) explain why a person took certain actions; and (g) explain a state of mind. Other statements will be admissible under the well-recognized hearsay exceptions.

The hearsay exceptions include, but are not limited to, the following rules: (1) Rule 801(d)(2)(A) (statement in a representative capacity); (2) Rule 801(d)(2)(C) (statement by a person authorized by a party to make a statement concerning the subject); (3) Rule 801(d)(2)(D) (statement by the party's agent concerning a matter within the scope of the employment); (4) Rule 803(5) (Recorded recollection).

Turning to the defendant's specific request concerning hearsay statements under the "residual exception," the proponent must provide pre-trial notice to the adverse party. This rule exists for situations when a party seeks to use hearsay, "that contains strong circumstantial indicial of reliability, that are highly probative

on the material questions at trial, and that are better than other evidence otherwise available." *Tome v. United States*, 513 U.S. 150, 166 (1995). For example, in *United States v. Turner,* 718 F.3d 226 (3rd Cir. 2013), the defendant was convicted of fraud against the United States. He challenged the trial court's admission of foreign bank records under the residual exception on the ground that the Government had not shown that the records were trustworthy. The court found no error. The defendant noted that the identity of the person who prepared the records was unknown, but the court responded that "the Government is not required to identify the declarant of the foreign bank documents in order for the documents to be admissible under Rule 807." *Id.* at 234. The court noted that under its case law, the court cannot rely *solely* on corroborating evidence for its finding of trustworthiness, but in this case the trial court relied on circumstantial guarantees of trustworthiness in addition to corroboration --- specifically, the records were found in the home of the defendant's accomplice, and "in general, bank records provide circumstantial guarantees of trustworthiness because the banks and their customers rely on their accuracy in the course of their business." *Id.* at 234-35.[4]

---

[4] *See also Chevron Corp. v. Donziger,* 974 F.Supp.2d 362 (S.D.N.Y. 2014) (foreign bank records found admissible under Rule 807: "There is no reason to doubt their trustworthiness. They appear in the exact manner that one would expect, and Guerra testified as to how he obtained them directly from the bank, testimony that the Court credits. Thus, given the circumstantial guarantees of trustworthiness which were present here, the distant location of the bank, and the lack of any evidence in the record to suggest that the bank records are anything other than what

With respect to each of the above categories, the Government is unaware at this time of any information responsive to the defendant's requests which has not already been provided to the defendant or to which the defendant is not entitled at this time. Once Government witnesses are identified, the Government will affirmatively seek from its witnesses any information relative to the defendant's requests. The Government will advise defense counsel of any such information and will provide the required notice pursuant to the Federal Rules of Evidence in advance of trial.

*Motion to Preserve and Provide Notes, Reports, and Evidence*

The defendant has requested that the Court enter an order requiring that all Government law enforcement agents retain and disclose their handwritten notes taken as part of the investigation, and to provide the defendant with the same.

The Government is prepared to honor the defendant's request to preserve handwritten notes, should they exist. However, the Government has no obligation to disclose handwritten notes that have been incorporated into formal reports. *United States v. Joel Wright,* 2012 WL 4049826 (D.Colo. September, 2012), *citing United*

---

they purport to be, the bank statements are admissible under the residual hearsay exception as an alternative to the business records exception.").

*States v. Shovea*, 580 F.2d 1382, 1389-90 (10th Cir. 1978), cert. denied, 99 S.Ct. 581 (1978); and *United States v. Brown*, 303 F.3d 582, 592 (5th Cir. 2002). The defendant has provided no authority in support of his request for discovery of work notes, or other interview or case related notes.

WHEREFORE, the Government respectfully requests that the Court deny the defendant's request for a Bill of Particulars for the reasons stated above, as well as deny the remaining discovery requests as either moot and/or untimely.

Respectfully submitted,

BRUCE D. BRANDLER
United States Attorney

By: /s/ Michelle L. Olshefski
MICHELLE L. OLSHEFSKI
Assistant U.S. Attorney

Dated: January 3, 2017

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:16-CR-194 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| FUHAI LI, | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of January, 2017, I caused the foregoing "**Government's Response to Defendant's Pretrial Discovery Motions** to be served upon Michael Weinstein, Esquire, counsel of record for the defendant, and that Attorney Weinstein is a filing user under the ECF system.


/s/ Michelle L. Olshefski
Michelle L. Olshefski
Assistant U.S. Attorney