**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:16-CR-194 |
| v. | (JUDGE CAPUTO) |
| FUHAI LI, | |
| Defendant. | |

### MEMORANDUM

Presently before the Court is a "Motion for Bill of Particulars and Further Discovery and Points of Authority" (Doc. 24) filed by Defendant Fuhai Li. For the reasons that follow, the Motion will be denied.

### I. Factual and Procedural Background[1]

Defendant Fuhai Li was a physician licensed by the Commonwealth of Pennsylvania. Defendant held a Pennsylvania medical license, as well as a Drug Enforcement Administration (DEA) registration number, and operated a practice within the Middle District of Pennsylvania. Defendant represented himself to be a specialist in neurology and pain management.

On July 20, 2016, a federal grand jury returned a 24-count Indictment charging Defendant with various violations of federal law. Counts 1 through 15 charge violations of 21 U.S.C. § 841(a)(1), for Defendant's distribution and dispensing of controlled substances outside the usual course of professional practice and not for a legitimate medical purpose. Count 16 charges a violation of 21 U.S.C. § 841(a)(1), for Defendant's distribution and dispensing of a controlled substance resulting in serious bodily injury

---

[1] Defendant failed to include a factual or procedural background section in his brief. *See* Local Rule 7.8. The Court will therefore rely on the averments in the Government's brief and charges in the Indictment.

and death of a person. Count 17 charges a violation of 21 U.S.C. § 861(f), for Defendant's distribution and dispensing of a controlled substance to a pregnant individual. Counts 18 and 19 charge violations of 21 U.S.C. § 856(a)(1), for Defendant's maintaining locations at 104 Bennett Avenue, Suite 1B, Milford, Pennsylvania, and 200 3rd Street, Milford Pennsylvania, for the purpose of unlawfully distributing controlled substances. Counts 20 and 21 charge violations of 18 U.S.C. § 1957, for Defendant engaging in monetary transactions in property derived from a specified unlawful activity. Counts 22 through 24 charge violations of 26 U.S.C. § 7201, for Defendant's tax evasion. The Indictment also includes a forfeiture allegation seeking forfeiture of various property and United States currency. (*See* Doc. 1.)

On December 21, 2016, Defendant, through counsel, filed a Motion for Bill of Particulars and Further Discovery and Points of Authority. The Motion is, in effect, multiple motions,[2] and can be broken down into the following requests: (1) a bill of particulars (Doc. 24, "Point I"); (2) production of evidence pursuant to Rule 16 of the Federal Rules of Criminal Procedure (*Id.* "Point II"); (3) production of exculpatory evidence and impeachment material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny (*Id.*); (4) immediate notice of all evidence the Government intends to offer pursuant to Federal Rules of Evidence 404(b), 803(24), 804(b)(5), and 801(d)(2) (*Id.*); (5) production of "information related to the grand jury proceedings" (*Id.* "Point III"); (6) preservation and production of handwritten notes made by witnesses or made in interviews of witnesses or other persons with knowledge of relevant facts (*Id.* "Point IV"); and (7) leave to file additional motions following discovery of the information sought (*Id.*

---

[2] Defendant is encouraged to review the Local Rules of this District. *See* Local Rule 7.8 ("A brief may address only one motion. . . .").

"Point V"). The Government filed its Brief in Opposition on January 3, 2017. Defendant did not file a Reply Brief. Defendant's Motions are ripe for disposition.

## II. Discussion

### A. Motion for a Bill of Particulars

Defendant moves for an order directing the Government to provide a bill of particulars, seeking additional information related to specific dates, times, and locations of the alleged offenses; the persons to whom Defendant provided controlled substances contrary to best medical practices; the quantity of controlled substances Defendant provided to persons contrary to best medical practices; and the amount of monies paid to or received by Defendant for provision of medical services contrary to best medical practices. (Doc. 24, at 4-5.)

"The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971). A bill of particulars "is not to be used by the defendant as a discovery tool," *United States v. Fischbach & Moore, Inc.*, 576 F. Supp. 1384, 1389 (W.D. Pa. 1983), but rather is appropriate only when "an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial," *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989). In considering whether to grant a motion for a bill of particulars, courts must consider "numerous countervailing considerations," including: unfairness to the government, *Rosa*, 891 F.2d at 1066, the sufficiency of the indictment, *Fischbach & Moore, Inc.*, 576 F. Supp. at 1389, and the extent to which the government has provided discovery, *United States v. Urban*, 404 F.3d 754, 772 (3d Cir. 2005). At bottom, "[a] bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of

3

the government's investigation. Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) (internal citations omitted) (emphasis in original).

A bill of particulars is not warranted in this case. The details provided in the twenty-three page Indictment informs Defendant of the nature of the charges brought against him and provides sufficient information to enable him to conduct his own investigation. *See United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007) (holding that an indictment is generally sufficient if it: "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution").

The present Indictment sets forth the elements of each offense charged, cites to the relevant statutes, and identifies the general time and location for each offense charged. At the outset, the Indictment opens with an Introduction section that notes relevant law, defines the controlled substances at issue, and states the allegations of Defendant's illegal distribution of controlled substances with sufficient specificity. (Doc. 10, at 1–9.) Additionally, the individual Counts provide further details. Counts 1-15, charging Defendant with distribution and dispensing of controlled substances in violation of 21 U.S.C. § 841(a)(1), links each individual Count with the relevant dates of distribution, a particular patient, and a particular controlled substance; recites the elements of the offense; and cites to the relevant statute. (Doc. 1, at 9-10.) Count 16, charging Defendant with distribution and dispensing of a controlled substance resulting in serious bodily injury and death of a person in violation of 21 U.S.C. § 841(a)(1), specifies the approximate date on which Defendant allegedly violated the statute, recites

the elements of the offense, and cites to the relevant statute. Count 17, charging Defendant with distribution and dispensing of a controlled substance to a pregnant individual in violation of 21 U.S.C. § 861(f), also specifies the approximate date on which Defendant allegedly violated the statute, recites the elements of the offense, and cites to the relevant statute. Counts 18 and 19, charging Defendant with maintaining drug-involved premises in violation of 21 U.S.C. § 856(a)(1), list the specific address of the alleged drug-involved premises, note the relevant date range, recite the elements of the offense, and cite to the relevant statute. Counts 20 and 21, charging Defendant with engaging in monetary transactions in property derived from a specified unlawful activity in violation of 18 U.S.C. § 1957, are linked to a specific date and description of the transaction, recite the elements of the offense, and cite to the relevant statute. Finally, Counts 22, 23, and 24, charging Defendant with tax evasion in violation of 26 U.S.C. § 7201, specify the tax due and owing for each year that evasion is charged, list the elements of the offense, and cite to the relevant statute. The Indictment is thus sufficiently detailed to allow Defendant to conduct his own investigation. *See United States v. Johnson*, __ F.3d __, 2016 WL 6433176, at *6 (W.D. Pa. Oct. 31, 2016).

Furthermore, the Government has asserted, and Defendant has not denied, that Defendant has already been provided with discovery in this case. *See United States v. Shabazz*, No. 3:12-CR-64, 2012 WL 5334480, at *2 (M.D. Pa. Oct. 26, 2012). Specifically, the Government notes that it has provided Defendant with the "mirror image" of all medical files the Government seized from Defendant's office and home in January 2015, so that Defendant has an exact electronic copy of those files. Additionally, the Government has provided Defendant with all financial information in its possession, an expert report of Dr. Stephen Thomas, who is expected to testify at trial,

and the affidavit in support of the search warrant executed in January 2015 at Defendant's home and office.[3]

Accordingly, because the Indictment and discovery sufficiently inform Defendant of the nature of the charges brought against him and provide Defendant with sufficient information to conduct his own investigation, the Court finds that Defendant is able to adequately prepare his defense and avoid surprise at trial. Thus, Defendant's request for a bill of particulars will be denied.

**B.    Motions for Discovery**

   **1.    Immediate Production of *Brady* Material**

Defendant moves for immediate production of "all *Brady* material" sought in Defendant's Motion for Discovery. (Doc. 24, at 24.) Defendant's Motion does not request production of any specific piece of *Brady* material currently being withheld, but instead demands general categories of exculpatory and impeachment materials, if they exist. (*See, e.g.*, *id.* at 11-17.) The Government responded that "it has provided, and will continue to provide at the appropriate times, discovery of all information covered by this District's standing discovery order, as well as all material required to be disclosed under [*Brady*] and [*Giglio*]." (Doc. 28, at 7.) Defendant has not disputed the Government's averment. Furthermore, the Government noted that, with respect to the discovery of any future *Brady/Giglio* evidence, "once Government witnesses are identified, the Government will affirmatively seek from its witnesses any information relative to the [D]efendant's requests. If any requested information is discovered and becomes available, the Government will provide the same to defense counsel." (*Id.* at 8.)

---

[3]   This averment rebuts Defendant's claim that the Government has not provided the basis for the search of his home. (Doc. 24, at 8.)

6

"While there is no general constitutional right to discovery in a criminal case, courts have fashioned constitutional rules to protect a defendant's due process rights from being violated by the total nondisclosure of certain types of evidence." *United States v. Mariani*, 7 F. Supp. 2d 556, 561 (M.D. Pa. 1998) (internal citation omitted). In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court fashioned a rule under which the Government is constitutionally required to disclose "evidence that is both exculpatory and material." *United States v. Starusko*, 729 F.2d 256, 260 (3d Cir. 1984). Evidence is deemed "material" if there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). "Exculpatory evidence includes material that goes to the heart of the defendant's guilt or innocence as well as that which might well alter the jury's judgment of the credibility of a crucial prosecution witness." *Starusko*, 729 F.2d at 260. Evidence that impeaches a government witness comes under the *Brady* rule "when the credibility of the witness may be determinative of a criminal defendant's guilt or innocence." *Id.* (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)). The Third Circuit has a "longstanding policy of encouraging early production" of *Brady* material, and district courts have "general discretionary authority to order the pretrial disclosure of *Brady* material 'to ensure the effective administration of the criminal justice system.'" *Id.* at 261 (quoting *United States v. Higgins*, 713 F.2d 39, 44 n.6 (3d Cir. 1983)); *see also United States v. D'Elia*, No. 3:CR-06-191, 2007 WL 2458487, at *9 (M.D. Pa. Aug. 24, 2007) (noting that only *Brady* material that is purely exculpatory falls under the Third Circuit's "longstanding tradition" of promoting early disclosure). However, a Defendant's right to due process is not denied so long as "*Brady* material is disclosed in time for its effective use at trial." *Higgins*, 713 F.2d at 44.

Presently, considering the Government's unrebutted averment that it has provided Defendant with all material required to be disclosed under *Brady* and *Giglio*, and in light of the Government's representation that it will continue to comply with its disclosure obligations under *Brady* and *Giglio* moving forward, Defendant's Motion for immediate disclosure of "all *Brady* material" will be denied. *See, e.g.*, *United States v. Manfredi*, No. 07-352, 2008 WL 2622901, at *4 (W.D. Pa. June 27, 2008).

## 2. Request for Pretrial Notice of the Government's Intention to Offer Certain Evidence

### a. Federal Rule of Evidence 404(b)

Defendant also moves "for the production of all evidence of other or similar crimes, wrongs, or acts, allegedly committed by defendant, upon which the Government intends to rely to prove, *inter alia*, motive, scheme, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or background of the conspiracy." (Doc. 24, at 25.) Although Defendant requests the "production" of this evidence, the Court construes this portion of Defendant's Motion as a request for immediate pretrial notice of the Government's intention to offer evidence under Federal Rule of Evidence 404(b). (*See id.* (Defendant noting that Rule 404(b) has a "pretrial notice requirement").) In response, the Government contends that it will "endeavor to provide defense counsel with reasonable pretrial notice of Rule 404(b) evidence." (Doc. 28, at 16.)

Federal Rule of Evidence 404(b) requires the Government to provide, upon request by the accused, "reasonable notice of the general nature of any . . . evidence [of crimes, wrongs, or other acts] that the prosecutor intends to offer at trial." Fed. R. Evid. 404(b)(2). Such notice generally must be provided before trial. *See id.* However, "no specific time limits are stated" in the Rule and "the reasonableness of the timing . . .

8

depends on the facts of each case." *United States v. Plaskett*, No. 2007-60, 2008 WL 441930, at *2 (D.V.I. Feb. 12, 2008) (finding notice provided one week before trial satisfied the requirement of Rule 404(b)); *see United States v. Morris*, No. 07-72, 2008 WL 4154846, at *3 (W.D. Pa. Sept. 9, 2008) (concluding that notice of intent to use Rule 404(b) evidence seven to ten days before trial is generally sufficient). Presently, the Government has acknowledged the benefits of providing pretrial disclosure of Rule 404(b) material and has asserted that it will endeavor to provide Defendant with reasonable pretrial notice of its intention to offer any such evidence. At this stage, considering that jury selection and trial have not yet been scheduled, and construing the Government's response as an acknowledgment that it will comply with the reasonable notice requirement of Rule 404(b), the Court will deny Defendant's request for immediate notice of the Government's intention to offer Rule 404(b) evidence. *See United States v. Salerno*, No. 3:10-CR-301, 2011 WL 6141017, at *11 (M.D. Pa. Dec. 9, 2011).

### b. Federal Rule of Evidence 807

Next, Defendant moves for "immediate notice of any statements to be offered by the Government under Rules 803(24) and 804(b)(5) of the Federal Rules of Evidence, including the Particulars of the statement and the name and address of the Declarant." (Doc. 24, at 25.) The Government responds that it "is unaware at this time of any information responsive to the [D]efendant's requests which has not already been provided to the [D]efendant or to which the [D]efendant is not entitled at this time," and that it will "advise defense counsel of any such information and will provide the required notice pursuant to the Federal Rules of Evidence in advance of trial" if it does intend to offer any such evidence. (Doc. 28, at 20.)

The 1997 amendments to the Federal Rules of Evidence combined and transferred Rules 803(24) and 804(b)(5) to Rule 807, which is referred to as the Residual Exception. *See* Fed. R. Evid. 807 Advisory Committee Notes (1997 amendments). The Residual Exception allows a hearsay statement to avoid exclusion by the rule against hearsay, even if the statement is not specifically covered by an exception in Rule 803 or 804, if certain criteria are established. *See* Fed. R. Evid. 807(a). A statement introduced under Rule 807 "is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it." Presently, the Government has asserted that it is unaware of any information responsive to Defendant's request, and that it will provide the requisite pretrial notice if it seeks to introduce evidence under Rule 807. Defendant has not contested the Government's representations. Accordingly, Defendant's request for immediate notice will be denied. *See United States v. Manfredi*, No. 07-352, 2008 WL 2622901, at *2 (W.D. Pa. June 27, 2008).

### c. Federal Rule of Evidence 801(d)(2)

Finally, Defendant moves for the Government to provide him with any statement it intends to offer in its case in chief under Rule 801(d)(2) of the Federal Rules of Evidence. (Doc. 24, at 25.) Federal Rule of Evidence 801(d)(2) provides in relevant part that certain statements made by the opposing party are not hearsay. *See Ponzini v. Monroe Cty.*, 3:11-CV-00413, 2016 WL 4494173, at *3 (M.D. Pa. Aug. 24, 2016). Unlike Rules 404(b) and 807, Rule 801(d)(2) does not contain a notice requirement. Therefore, there is no requirement under the Federal Rules of Evidence that the Government disclose its intention to offer this type of evidence prior to trial. *See United States v. Whitley*, No. 11-CR-151A, 2014 WL 2765804, at *2 (W.D.N.Y. June 18, 2014).

10

Additionally, it is unclear whether Defendant is also requesting the Government to comply with Federal Rule of Criminal Procedure 12(b)(4)(B),[4] which upon the request of the defendant requires the Government to provide notice of what, if any, evidence that the defendant is entitled to receive under Rule 16 will be used at trial so that the defendant may move to suppress such evidence. *United States v. Cheatham*, 500 F. Supp. 2d 528, 534 (W.D. Pa. 2007).[5] But Defendant has not identified "potentially suppressive evidence with specificity," as is required to "trigger a notice obligation" under the Rule. *United States v. Ishak*, 277 F.R.D. 156, 159 (E.D. Va. 2011). Moreover, Defendant has not alleged that the Government has denied such a request or failed to respond to such a request. *See id.* at 160. Therefore, to the extent Defendant's request is made pursuant to Rule 12(b)(4)(B), it will be denied.

### 3.     Request for Information Related to the Grand Jury Proceedings

Defendant also "moves for production of certain information which would reveal the existence of structural or prejudicial irregularities involving the Grand Jury. . . ." (Doc. 24, at 27.) Defendant cites as examples of the types of information that he seeks: the impanelment and adjournment dates of each grand jury that heard evidence concerning this case, the instructions provided to the grand jury before the Indictment was returned,

---

[4]   Rule 12(b)(4)(B) reads:

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

[5]   Elsewhere in Defendant's Motion, Defendant references Federal Rule of Criminal Procedure 12(d)(2), the content of which was moved to current Rule 12(b)(4) in the 2002 Amendments. *See United States v. Cheatham*, 500 F. Supp. 2d 528, 534 n.2 (W.D. Pa. 2007); (Doc. 24, at 8.)

11

the voting record and transcript of the return in open court of the Indictment, whether any impermissible persons were present during the grand jury proceedings, and whether any grand jury materials were disclosed or released to any impermissible person. (*Id.* at 27-28.) Defendant states that he seeks this information so that he may subsequently move to dismiss the Indictment "based on defects in the institution of the prosecution," if any existed. (*Id.* at 28.) Alternatively, Defendant requests that the Court inspect the grand jury minutes and records relating to each grand juror's qualifications and the grand jury's impanelment, attendance, and voting record to ensure that "the structural protections of that body were honored." (*Id.*) Defendant cites to no case in which a court ordered disclosure of the grand jury materials Defendant presently seeks based on a similar request. The Government contends that Defendant has failed to demonstrate a particularized need for the disclosure of grand jury materials, as is required under Federal Rule of Criminal Procedure 6(e). (Doc. 28, at 10, 13.)

"As a matter of public policy, grand jury proceedings generally must remain secret except where there is a compelling necessity." *United States v. Procter & Gamble*, 356 U.S. 677, 682 (1957). Federal Rule of Criminal Procedure 6(e)(3)(E) provides that the Court may authorize disclosure of a grand jury matter "preliminarily to or in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(i), (ii). But "[i]n order to be entitled to grand jury information during discovery in a criminal matter, a defendant must demonstrate to the Court a 'particularized need' for the information that overrides the secrecy afforded to the grand jury." *United States v. Mariani*, 7 F. Supp. 2d 556, 564 (M.D. Pa. 1998) (citing *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 221 (1979); *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959); *United*

*States v. Krasner*, 841 F. Supp. 649, 654–55 (M.D. Pa. 1993)); *see In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir. 1996) ("[T]he burden is on the party seeking disclosure to show a 'particularized need' that outweighs the need for secrecy.") (citation omitted). "[V]ague allegation[s], however, [do] not demonstrate a particularized need for disclosure." *United States v. Minerd*, 299 Fed. Appx. 110, 111 (3d Cir. 2008).

Defendant has not met his burden for obtaining disclosure of the grand jury materials that he seeks. In support of his Motion, Defendant offers a non-exhaustive list of the types of materials that he seeks which "would reveal" certain irregularities involving the grand jury, and speculates about certain "situations" which "may corrupt the Grand Jury process. . . ." (*See* Doc. 24, at 27.) Defendant has offered nothing more than vague allegations and mere speculation in support of his request, and has fallen far short of demonstrating a "particularized need" that warrants a departure from the presumption of regularity that attaches to grand jury proceedings. *See United States v. Donahue*, No. 3:11-CR-0033, 2012 WL 2871800, at *2-*3 (M.D. Pa. July 12, 2012) (conclusory allegations do not demonstrate particularized need); *see also United States v. Earls*, No. 03-CR-0364, 2004 WL 350725, at *7-*8 (S.D.N.Y. Feb. 25, 2004) (declining to permit disclosure of grand jury transcripts to allow defendant to assess compliance with Rule 6 when defendant failed to provide any basis to depart from the presumption of regularity); *United States v. Enigwe*, 17 F. Supp. 2d 390, 393 (E.D. Pa. 1998), *aff'd*, 248 F.3d 1131 (3d Cir. 2000) (denying request to inspect grand jury voting record when the defendant failed to demonstrate a "particularized need"); *id.* (denying request for disclosure of grand jury commencement and termination dates when there existed "ample 'specific reasons' militating against disclosure: most significantly, defendant has

failed to come forward with more than his conclusory allegations of defective process")[6];
*United States v. Trie*, 23 F. Supp. 2d 55, 62 (D.D.C. 1998) (holding that a "mere suspicion that the grand jury may not have been properly instructed with respect to [a] legal definition . . . is insufficient to establish that [the defendant] is entitled to . . . disclosure of grand jury materials," including the "instructions given to the grand jury"); *United States v. Blackwell*, 954 F. Supp. 944, 965 (D.N.J. 1997) ("Conclusory or speculative allegations about what went wrong in a grand jury proceeding give no cause to question the regularity of the grand jury's functioning.") (citations omitted). Accordingly, Defendant's requests for the disclosure of grand jury materials will be denied. Furthermore, the Court will not conduct an *in camera* review of the grand jury

---

[6] In *In re Grand Jury Investigation*, the Third Circuit concluded that, under the circumstances of that case, "disclosure of the commencement and termination dates of the grand jury does not disclose the essence of what took place in the grand jury room. . . . [and] does not violate the freedom and integrity of the deliberative process of the grand jurors." 903 F.2d 180, 182 (3d Cir. 1990). As such, the court did not conduct a particularized-need analysis, but instead found that the right to public access was "sufficient to require disclosure" of the information sought because the reasons for grand jury secrecy were not implicated. *Id.* at 183. In that particular case, a witness was held in civil contempt for refusing to testify before a grand jury. *Id.* at 181. The amount of time the witness could have been incarcerated was the remaining life of the grand jury, which made the commencement and termination dates especially relevant. *See id.* The facts of the instant case differ materially. Indeed, in this case there is a "specific reason" militating against disclosure of these dates: Defendant has failed to offer anything more than conclusory allegations of defective process. *United States v. Enigwe*, 17 F. Supp. 2d 390, 393 (E.D. Pa. 1998), *aff'd*, 248 F.3d 1131 (3d Cir. 2000). In fact, Defendant does not even allege a defect in the grand jury process, but instead seeks production of grand jury materials so that he may then assess whether there were any "irregularities." (Doc. 24, at 27.) Defendant's failure to allege any reason to depart from the presumption of regularity counsels the Court to deny Defendant's request. *See also United States v. Fields*, No. 15-129, 2016 WL 1428113, at *12 n.10 (E.D. Pa. Apr. 12, 2016) (declining to require disclosure of commencement and termination dates of grand juries that indicted defendant's co-conspirators where defendant failed to show how that information was relevant to his case).

materials because Defendant has failed to articulate a particularized need warranting such a review. *See United States v. Welch*, 201 F.R.D. 521, 525-26 (D. Utah 2001).

### 4. Motion to Preserve and Provide Defendant with Handwritten Notes

Defendant further requests that the Court order the Government to preserve and immediately provide Defendant with handwritten notes made by witnesses, or made in interviews of witnesses or other persons with knowledge of relevant facts, regardless of whether such persons will be called at trial. (Doc. 24, at 28, 30.) Specifically, Defendant appears to argue that notes of statements which are not Jencks Act material might nevertheless be *Brady* material, and therefore the Government must preserve such notes and immediately produce them to Defendant. (*Id.* at 29-30.) Alternatively, Defendant requests that the Government provide any such notes to the Court for a determination of whether they contain statements useful or favorable to Defendant. (*Id.* at 30.) The Government responded that it will honor Defendant's request to preserve handwritten notes, if any exist, but that it has no obligation to disclose handwritten notes that have been incorporated into formal reports. (Doc. 28, at 20.)

The Government is already obligated to retain rough notes and the drafts of reports of its agents. *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983); *United States v. Vella*, 562 F.2d 275, 276 (3d Cir. 1977). In response to Defendant's Motion, the Government stated that it will honor Defendant's request to preserve handwritten notes. Based on the Government's representation that it will comply with Defendant's request, Defendant's Motion requiring the Government to preserve its handwritten notes will be denied as moot. *See United States v. Manfredi*, No. 07-352, 2008 WL 2622901, at *2 (W.D. Pa. June 27, 2008). Additionally, as explained below, because Defendant is entitled to discovery of any such notes "only to the extent that [they] fall[] within the

purview of *Brady* or the Jencks Act," *United States v. Beech*, 307 F.R.D. 437, 443 (W.D. Pa. 2015), Defendant's request for immediate disclosure will be denied.

First, as Defendant acknowledges, notes made by witnesses or made by agents interviewing witnesses may constitute Jencks material. *See* 18 U.S.C. § 3500(e). The Jencks Act "requires a court, upon motion of the defendant and after direct examination of a government witness, to order the United States to produce to the defense 'any statement . . . of the witness in [its] possession . . . which relates to the subject matter as to which the witness has testified.'" *United States v. Ramos*, 27 F.3d 65, 69 (3d Cir. 1994) (quoting 18 U.S.C. § 3500(b)). Thus, the Government cannot be compelled to disclose Jencks material before the relevant government witness testifies on direct examination. *See United States v. Hill*, 976 F.2d 132, 139-40 (3d Cir. 1992). To the extent that any portion of the Defendant's Motion seeks immediate production of Jencks material, his request will be denied. *United States v. Mariani*, 7 F. Supp. 2d 556, 564 (M.D. Pa. 1998) (citing *United States v. Murphy*, 569 F.2d 771, 773 (3d Cir.), *cert. denied*, 435 U.S. 955 (1978)).[7]

Second, to the extent Defendant claims any such notes might contain *Brady* material and therefore must be disclosed immediately, the Court has already denied Defendant's request for immediate production of *Brady* material. *See supra* Part II.B.1. The Court expects the Government to continue to meet its constitutional obligations under *Brady* with respect to any such notes in its possession.

Third, to the extent Defendant requests production of notes made by witnesses or government agents which do not constitute either Jencks or *Brady* material, Defendant

---

[7] The Court notes that the Government states it intends to provide Defendant with Jencks and *Giglio* material no later than the Friday before trial, assuming trial is scheduled for a Monday. (Doc. 28, at 15.)

has cited to no authority in support of such a request. *See* Fed. R. Crim. P. 16(a)(2) (prohibiting generally the discovery or inspection of "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case"); *United States v. Correa*, No. 12-cr-00324, 2013 WL 1871872, at *3 (D. Colo. May 6, 2013) ("Generalized notes of counsel or agents taken during a witness interview are not discoverable."). Therefore, to the extent Defendant requests production of notes which do not constitute either Jencks or *Brady* material, the request will be denied. Defendant may renew his motion at trial "subject to a specific showing that any particular rough notes or investigative reports not otherwise produced arguably may contain information falling within the scope of *Brady* and/or the Jencks Act." *Beech*, 307 F.R.D. at 444.

Lastly, the Court will not conduct an *in camera* review of any such notes at this time because Defendant has not made a threshold showing in support of such a review. *See United States v. St. Luke's Subacute Care Hosp., Inc.*, 178 Fed. Appx. 711, 715 (9th Cir. 2006); *United States v. Wright*, No. 11-cr-00497, 2012 WL 4049826, at *2 (D. Colo. Sept. 13, 2012).

### 5. Defendant's Requests for Production of Evidence Pursuant to Rule 16

"Point II" of Defendant's Motion seeks discovery and inspection of other general categories of evidence pursuant to Rule 16 of the Federal Rules of Criminal Procedure. (Doc. 24, at 6-11.) The Government responded that it has already produced and/or made available all discovery currently in its possession prior to the filing of Defendant's Motion, that it produced most of these materials months ago, and that the information Defendant presently seeks which has not been produced is outside the purview of Rule

16. (Doc. 28, at 1.) Defendant has not offered a reply to the Government's assertions.[8] Based on the Government's unrebutted representations, the Court finds no reason to conclude that the Government has failed to comply with its discovery obligations under Rule 16. *See United States v. Nance*, 168 F. Supp. 3d 541, 548 & n.5 (W.D.N.Y. 2016). The Court will therefore deny as moot Defendant's Motion for discovery under Rule 16. *See United States v. Manfredi*, No. 07-352, 2008 WL 2622901, at *5 (W.D. Pa. June 27, 2008). To the extent Defendant's Motion requests information outside the ambit of Rule 16, his Motion will be denied.

### 6. Leave to File Additional Motions

Defendant's request for leave to file additional motions following discovery of the information presently sought will be denied. Defendant will be permitted to renew this request if it becomes necessary to file additional pretrial motions which reasonably could not have been anticipated within the time allocated for filing such motions in this case. *United States v. Long-Parham*, 183 F. Supp. 3d 746, 751 (W.D. Pa. 2016).

### III. Conclusion

For the above stated reasons, Defendant's Motion will be denied.

An appropriate order follows.

February 14, 2017 /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

---

[8] In fact, Defendant has repeatedly averred in its Motions for Enlargement of Time that the Government has provided discovery of "over 1,000 pages and has informed [defense counsel] that additional discovery will be provided." (*See* Doc. 21, 23, 29.)

18