UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | NO. 3:16-CR-194 |
| --- | --- | --- |
| v. | : | (JUDGE CAPUTO) |
| FUHAI LI,<br>Defendant | : | (ELECTRONICALLY FILED) |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S "MOTION FOR BILL OF PARTICULARS"

NOW COMES, the Government, by and through Assistant United States Attorney Michelle Olshefski, and files the following brief in response to the defendant's "Motion for Bill of Particulars." The defendant's motion should be denied.

## I. PROCEDURAL HISTORY

Since the Court is aware of the factual background of this case, as alleged by the Government, it will not be restated here.

On October 17, 2017, a federal grand jury returned a Superseding Indictment against the defendant, which, in addition to charging him

1

with the counts previously set forth in the initial Indictment,[1] charged him with additional violations of 21 U.S.C. § 841(a)(1) in Counts 16 through 23.[2]

## II. LEGAL DISCUSSION

The defendant has moved the Court to order the Government to provide a bill of particulars in this case. The defendant's motion and brief, however, is actually a motion for further discovery. It is respectfully submitted that the defendant is not entitled to a bill of particulars as to any of the requested information.

Rule 7(f) of the Federal Rules of Criminal Procedure allows a district court to direct the filing of a bill of particulars. In determining whether to grant a motion for a bill of particulars, a trial court must strike a "prudent balance" between the defendant's interest in securing information and the Government's interest in not committing itself to facts before it is in a position to do so. *United States v. Rosa*,

---

[1] *See MDPA 3:16-CR-194, Doc. #1.*

[2] *See MDPA 3:16-CR-194, Doc. #47.*

891 F.2d 1063, 1066 (3d Cir. 1989). A bill of particulars should only be granted "where the indictment is too vague or indefinite to reasonably allow a defendant to prepare his defense." *United States v. Addonizio,* 451 F.2d 49, 64 (3d Cir. 1971).

    The 27-page Superseding Indictment in this case clearly describes the Government's theory of the case, summarizes the evidence and is not vague in any way.  The Government has already provided voluminous discovery to the defendant, well beyond what the law requires at this point in the proceedings.  The Government has provided the complete medical records for all of the defendant's patients that were seized from the defendant's office and home during the execution of a federal search warrant in January 2015.  In fact, the Government provided a complete "mirror image" of the seized data as described.  In other words, the defendant has the exact electronic copy of medical files as the Government has.  The "mirror image" includes all identifying information about each of the defendant's patients, including personal identifying information, private medical information, prior medical treatment, prescriptions, dates of treatment, locations of treatment,

diagnoses, and all billing and payment methods. As such, the defendant knows full well what he has documented as business proceeds for each patient.

The Government has already provided the defendant with thousands of pages of all financial information in its possession, including United States Federal Tax Returns for all relevant years, all bank records, including all supporting documentation for all bank accounts.

The Government has provided the defendant with a 29-page expert report of Dr. Stephen Thomas, as well as Dr. Thomas' supplemental report related to the additional charges contained in the Superseding Indictment. The reports are provided under a protection order because they detail and identify all patients by name, dates of birth, medical diagnoses, treatment rendered, etc.

The Government has provided the defendant with the 35-page affidavit in support of the search warrant executed in January 2015 at the residences and office of the defendant. The affidavit provides detailed information about the federal investigation, the manner in

which the information was obtained, and the conclusions drawn from the information. The Government has provided the defendant with thousands of pages of additional documents referenced in the affidavit of probable cause, including pharmacy records and correspondence. The defendant has been made aware of the fact that the Government is in possession of hundreds of original prescriptions, which he may have access to at his counsel's convenience.

As the Government continues to supplement its discovery obligations, thousands of additional pages of discovery have been provided to the defendant and/or made available to the defendant. These additional discovery materials specifically contain documents related to the death of a person, as charged in Count 24 of the Superseding Indictment. The additional materials also include all Children and Youth Services (CYS) records and medical records for the patient who gave birth to the opioid addicted baby, as charged in Count 25 of the Superseding Indictment.

The defendant is also now in possession of all property and financial documents as they relate to the money laundering counts and

drug involved premises, as charged in Counts 26 through 29 of the Superseding Indictment.

All of the information the defendant now seeks by way of a bill of particulars is included in the discovery currently in the hands of the defendant. The Government will continue to comply with all discovery obligations and will produce materials as the investigation continues and information becomes available.

"The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him [so that he may] adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described defense." *United States v. Addonizio,* 451 F.2d at 63-64 (3d Cir. 1971). A bill of particulars should only be granted where the indictment is too vague or indefinite to reasonably allow a defendant to prepare his defense. *Id.* at 64.

It is well-settled that a defendant is not entitled to a bill of particulars as a matter of right. *Wong Tai v. United States*, 273 U.S. 77, 82 (1927). Rule 7(f) of the Federal Rules of Criminal Procedure

authorizes a bill of particulars only where an indictment fails to sufficiently apprise the defendant of the offense(s) with which he is charged. Such a bill is not necessary when the indictment "sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981); *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991). See also *United States v. Hamling*, 418 U.S. 87, 117-19 (1974) (indictment that repeats wording of the statute is generally sufficient.)

A charging document satisfies this standard if it sets forth the elements of each offense charged, cites the statutes violated, and generally identifies the time and place of the defendant's conduct that allegedly violated the statute. *United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978). This is true because a defendant has a constitutional right to know only the offenses with which he is charged, not "the details of how it will be proved." *United States v. Kendall*, 665 F.2d at 135; *United States v. Richardson*, 130 F.3d 765, 776 (7th Cir. 1997); *United States v. Balogun*, 971 F. Supp. 1215, 1227 (N.D. Ill. 1997).

If an indictment is deficient, the "purposes of a bill of particulars are to inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Roman*, 728 F.2d 846, 856 (7th Cir. 1984). But if, as here, the indictment fully complies with the requirements of the Fifth and Sixth Amendments and Federal Rule of Criminal Procedure 7(c), a bill of particulars may not be employed to obtain evidentiary details about the Government's case. *E.g., United States v. Glecier*, 923 F.2d 496, 501 (7th Cir. 1991). As this Circuit has clearly stated:

> A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government investigation. . . . Rather, it is intended to give the defendant only that minimum of information necessary to permit the defendant to conduct his *own* investigation.

*United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) (citations omitted; emphasis in original); *see also United States v. Automated Medical Laboratories, Inc.*, 770 F.2d 399, 405 (4th Cir. 1985) ("[a] bill of

particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial."); *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir. 1968)("[a]cquisition of evidentiary detail is not the function of the bill of particulars").  Similarly, a motion for a bill of particulars should be denied where the defendant is inappropriately seeking to require the government to "weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendants." *United States v. Addonizio*, 451 F.2d at 64 (3d Cir. 1971*); United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980) (a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial").

A bill of particulars is even more inappropriate when, as in this case, the Government supplements an indictment with extensive discovery.  Here, the Government already provided the defendant with extensive discovery and made available all discovery for the defendant's review in the Government's offices.  As the Fourth Circuit held in *United States v. SIGMA*, 624 F.2d 461, 466 (4th Cir. 1979), such "extensive

disclosure by the Government" renders a bill of particulars inappropriate; *see also Canino*, 949 F.2d 928, 948 (Seventh Circuit holds bill of particulars "not required when information necessary for a defendant's defense can be obtained through some other satisfactory form" and affirms district court's denial of such bill where government had "open file" policy).

For the foregoing reasons, it is clear that the Government should not be ordered to produce a bill of particulars and the defendant's motion should be denied. The Superseding Indictment in this case complies with the requirement that all essential elements of the alleged crimes be pleaded. Moreover, the Government has provided the defendant with extensive discovery, and access to almost all discovery not yet required to be provided. Therefore, in light of the case law and the specific circumstances of this case, a bill of particulars is simply not warranted.

## III. CONCLUSION

Wherefore, the Government respectfully submits that given the detailed Superseding Indictment and the Government's production of extensive discovery, there is no need for a bill of particulars in this case and the defendant's motion should be denied.

        Respectfully submitted,

        DAVID J. FREED
        United States Attorney

    By:   /s/ Michelle L. Olshefski
        MICHELLE L. OLSHEFSKI
        Assistant U.S. Attorney

Dated: January 16, 2018

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:16-CR-194 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| FUHAI LI, | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of January, 2018, I caused the foregoing "**Government's Response to Defendant's Motion for Bill of Particulars**" to be served upon Michael Weinstein, Esquire, counsel of record for the defendant, and that Attorney Weinstein is a filing user under the ECF system.

/s/ Michelle L. Olshefski
Michelle L. Olshefski
Assistant U.S. Attorney