UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:16-CR-194 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| FUHAI LI, | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

## GOVERNMENT'S MOTION IN LIMINE TO ADMIT PRESCRIPTION DATA

1. On October 17, 2017, a federal grand jury returned a 32-count Superseding Indictment charging the defendant, Fuhai Li (the defendant), with various violations of federal law. Counts 1 through 23 charge violations of 21 U.S.C. § 841(a)(1), for the defendant's distribution and dispensing of controlled substances outside the usual course of professional practice and not for a legitimate medical purpose. Count 24 charges a violation of 21 U.S.C. § 841(a)(1), for the defendant's distribution and dispensing of a controlled substance resulting in serious bodily injury and death of a person. Count 25 charges a violation of 21 U.S.C. § 861(f), for the defendant's distribution and dispensing of a controlled substance to a pregnant individual. Counts 26 and 27 charge violations of 21 U.S.C. § 856(a)(1), for the defendant's maintaining locations at 104 Bennett Avenue, Suite 1B, Milford, Pennsylvania, and 200 3rd Street, Milford Pennsylvania, for the purpose of unlawfully distributing controlled substances. Counts 28 and 29 charge violations of 18 U.S.C. § 1957, for the defendant's engaging in monetary transactions in property

derived from a specified unlawful activity. Counts 30 through 32 charge violations of 26 U.S.C. § 7201, for the defendant's tax evasion. The 27-page Superseding Indictment, which includes a detailed recitation of facts supporting the charges, also includes a forfeiture allegation seeking forfeiture of various property and U.S. Currency. (*See MDPA 3-cr-16-194, Doc. 47*).[1]

2.  The Government now moves to admit data of the defendant's prescribing history from the Pennsylvania, New Jersey, and New York's Prescription Drug Monitoring Programs (PDMPs).

3.  Because the defendant was a physician during the relevant time period, for the defendant to be guilty of the drug distribution counts, the Government must prove: (1) that the defendant knowingly and intentionally distributed prescriptions for controlled substances including oxycodone, oxymorphone, hydromorphone, methadone, and fentanyl (as charged in various counts), knowing that each was a controlled drug; (2) that the defendant distributed such drugs outside the usual course of professional practice and without legitimate medical purpose; and (3) that the defendant acted with the intent to distribute those drugs outside the usual course of professional practice and without legitimate medical purposes. The act of

---

[1] The defendant was first charged in a 24-count Indictment returned by a federal grand jury on July 20, 2016. (*See MDPA 3-cr-16-194, Doc. 1*).

prescribing a controlled substance constitutes distribution. *See* 21 U.S.C. §§ 802(8)(11).

4. All states, including the District of Columbia, currently utilize some form of electronic prescription drug monitoring database in which data from all prescriptions for controlled substances filled by pharmacies within the state are recorded. Data from these state databases is routinely admitted as evidence in federal court where an individual is charged with prescribing or dispensing controlled substances outside the usual course of professional practice.

5. Pursuant to statutes in Pennsylvania, New Jersey, and New York, individuals authorized to directly dispense controlled substances are mandated by law to report certain information about each prescription to their respective PDMP database. Pennsylvania P.L. 2911, Act 191; N.J.S.A. 45:1-45, *et. seq.*; N.Y.P.L. 2911, No. 191. While the reporting requirements are slightly different in each state, the PDMP databases for Pennsylvania, New Jersey, and New York all contain information identifying, among other things: (1) the drug type and quantity of the dispensed controlled substances; (2) the date the prescription was written and the date it was dispensed; (3) information about the prescriber; and (4) information about the prescription recipient. Failure to comply with theses mandatory reporting requirements can result in civil penalties, licensure suspensions, and disciplinary action.

6. The defendant is charged with prescribing controlled substances outside the usual course of professional practice. One of the ways the United States intends to prove the drug charges is with evidence showing how unbelievably extreme the defendant's prescribing practices were. The defendant will be free to cross-examine witnesses, offer his own proof to refute, and/or ultimately argue why his prescribing practices were not outside the usual course of professional practice. The Government anticipates that the defendant will dispute all elements of the drug charges at trial, namely, by claiming that his conduct was consistent with the medical profession's standard of care, and that he intended to engage in legitimate medical treatment.

7. The PDMP data is admissible pursuant to Fed. R. Evid. 803(6) as Business Records.

8. The PDMP data is admissible pursuant to Fed. R. Evid. 803(8) as Public Records.

9. The PDMP data is admissible pursuant to Fed. R. Evid. 807, the Residual Exception.

10. The PDMP data is not barred from admission by the confrontation clause.

11. The PDMP data is not barred by Fed. R. Evid. 403 in that its probative value is not substantially outweighed by a risk of unfair prejudice to the defendant.

12. The Government's brief in support of admission of the PDMP data is filed separately.

WHEREFORE, the Government respectfully requests that the Court authorize the admission of PDMP data.

                                                  Respectfully submitted,

                                                  DAVID J. FREED
                                                  United States Attorney

                                  By:    <u>/s/ Michelle L. Olshefski</u>
                                                  MICHELLE L. OLSHEFSKI
                                                  Assistant U.S. Attorney

Dated: February 20, 2018

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:16-CR-194 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| FUHAI LI, | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of February, 2018, I caused the foregoing "**Government's Motion in Limine to Admit Prescription Drug Monitoring Program Data**" to be served upon defense counsel Michael Weinstein and William Ruzzo, counsel of record for the defendant, and that defense counsel are filing users under the ECF system.

/s/ Michelle L. Olshefski
Michelle L. Olshefski
Assistant U.S. Attorney
