UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | NO. 3:16-CR-194 |
| --- | --- | --- |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| FUHAI LI, | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

**GOVERNMENT'S NOTICE OF INTENT TO RELY UPON EXPERT TESTIMONY**

The United States of America, by and through Assistant United States Attorney Michelle Olshefski, files this Notice of Expert Witness or Witness with Expertise.

Trial in this matter is scheduled to begin on May 1, 2018. Pursuant to Fed. R. Crim. P. 16(a)(1)(G), the Government "must give to the defendant a written summary of any testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." The summary must describe (1) the witness's opinions, (2) the bases and reasons for the opinions, and (3) the witness's qualifications. The purpose of the rule is to "minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Advisory Committee Note, Fed. R. Crim. P. 16 (1993); *see also United States v. Carrillo-Morones*, 564 F. Supp.2d 707, 710 (W.D. Tex. 2008); *United States v. McElwee*, 2009 WL 2922834 (W.D. La. 2009).

1

Thus, the primary concern in any case using experts or witnesses with some expertise is providing notice.

Notice is hereby provided in accordance with the Fed. Rules of Evid. 702, 703, and 705, and Rule 16(a)(1)(G) that the Government intends to call Diversion Investigator, James Hischar, to provide testimony consistent with a witness with expertise.

### Expert Testimony and Modus Operandi

The Government intends to call Diversion Investigator (DI) James Hischar in its case-in-chief to provide testimony about the modus operandi of doctors engaged in the diversion of controlled substances via over-prescription. DI Hischar's career in law enforcement began in 1985 as a Pennsylvania State Police Officer. From April of 1990 to January of 2004, DI Hischar was assigned to the Pennsylvania State Police Narcotics Units in Wilkes-Barre, Philadelphia, and Hazleton. From January of 2004 through July of 2010, DI Hischar was assigned to the DEA Drug Task Force in Scranton. From October of 2010 through July 2017, DI Hischar served as a Diversion Investigator with the DEA in Scranton. He is currently assigned as a Diversion Group Supervisor in Charleston, West Virginia. DI Hischar was the primary law enforcement investigator in the case against the defendant.

Law enforcement officers may provide expert opinion testimony that the defendant's activities match "the usual criminal modus operandi." *United States v. McGlory*, 968 F.2d 309, 345 (3d Cir. 1992); *see also United States v. Watson*, 260

F.3d 301, 308 (3d Cir. 2001) ("Expert testimony concerning the modus operandi of individuals involved in drug trafficking does not violate Rule 704(b)."). It is well established that police officers may testify as experts concerning the methods and practices employed in a particular area of criminal activity, *United States v. Pungitore*, 910 F.2d 1084, 1149 (3d Cir. 1990), including the operations of a drug trafficking ring. *United States v. Ginsberg*, 758 F.2d 823, 830 (2d Cir. 1985); *United States v. Montas*, 41 F.3d 775, 783-84 (1st Cir. 1994). Courts have upheld the admissibility of expert testimony by investigative agents who are properly qualified as experts regarding the "tools of the trade" for narcotics trafficking. *United States v. Foster*, 939 F.2d 445, 453 (7th Cir. 1991); *United States v. Solis*, 923 F.2d 548, 550-51 (7th Cir. 1991) (expert testimony upheld on the use of beepers in narcotics trafficking); *United States v. Monu*, 782 F.2d 1209, 1210-11 (4th Cir. 1986) (expert testimony upheld on the use of scales in the drug trade); *United States v. Navarro*, 90 F.3d 1245, 1259-60 (7th Cir. 1996). In addition, "experienced narcotics agent[s] may testify about the significance of certain conduct or methods of operation to the drug distribution business, as such testimony is often helpful in assisting the trier of fact understand the evidence." *United States v. Griffith*, 118 F.3d 318, 321 (5th Cir. 1997), *quoting United States v. Washington*, 44 F.3d 1271, 1283 (5th Cir. 1995).

An experienced agent may testify in the form of an opinion even if that opinion is based in part on information from other agents familiar with the issue. *United States v. Beltran-Rios*, 878 F.2d 1208, 1213 n.3 (9th Cir. 1989); *United States v.*

3

*Boccone*, 2014 WL 643016 *3-4 (4th Cir. 2014) (upholding conviction of a nurse practitioner for conspiracy to distribute and accepting expert testimony based on "red flags").

For example, DI Hischar will identify common indicators of a "pill doctor" that are present here, including a preference for cash payments; patterns of repeated prescribing of the most sought-after trilogy of controlled substances as derived from debriefing hundreds of addicted individuals/witnesses, as well as special training, (that is an opiate such as oxycodone, a relaxant such as alprazolam/Xanax, and a muscle relaxant such as Soma or Flexeril); allowing patients to determine the particular medication and dosage; patients who travelled unreasonably long distances and from out of state; unusually young patients repeatedly prescribed maximum doses of the most sought after and most abused form of opioids; no consequences for patients who drug tested positive for illegal street drugs; car loads of patients arriving together; multiple pharmacies refusing to continue to fill prescriptions written by the defendants; no patient referrals; multiple family members and patients all residing in same household receiving similar or identical prescriptions; maximum strength formulas of opioids at first visit; and acknowledge of addictions from patients with no change in prescribing habits.

This testimony concerning a variety of aspects of drug diversion and "pill doctors" is, in fact, specialized knowledge that is not within the purview of the average juror. DI Hischar will also provide detailed information about law

enforcement techniques including surveillance, use of confidential sources, review of PDMP data (prescription monitoring program), review of ARCOS data (Automated Reports and Consolidated Ordering System), monitoring of various other diversion databases, and search warrants. In addition, his expertise, gained through hundreds of investigations concerning narcotics and diversion of narcotics, is not knowledge available to the average citizen or juror.

        Respectfully submitted,

        DAVID J. FREED
        United States Attorney

By:   <u>/s/ Michelle L. Olshefski</u>
      MICHELLE L. OLSHEFSKI
      Assistant U.S. Attorney

Dated: February 28, 2018

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:16-CR-194 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| FUHAI LI, | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 28th day of February, 2018, I caused the foregoing "**Government's Notice of Expert Testimony**" to be served upon Michael Weinstein, Esquire, counsel of record for the defendant, and that Attorney Weinstein is a filing user under the ECF system.

/s/ Michelle L. Olshefski
Michelle L. Olshefski
Assistant U.S. Attorney