IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NO. 3:16-CR-194 |
| | : | |
| v. | : | (Judge Richard Caputo) |
| | : | |
| FUHAI LI, | : | |
| Defendant | : | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO PROHIBIT THE TESTIMONY OF GOVERNMENT'S EXPERT DR. STEPHEN M. THOMAS

Government Expert, Dr. Thomas has provided the defense with record reviews through Government Counsel. They have been provided to the Court attached to the Corresponding Motion filed yesterday. The most recent is dated August 31, 2017, a Record Review, indicating Dr. Thomas' opportunity to review records provided to him regarding Dr. Li's prescribing practices. The reports set forth documents that Dr. Thomas reviewed for his submissions. The Government has also provided a CD with the Pennsylvania Prescription Monitoring Report.

Dr. Thomas' report does not cite for authority even one scholarly journal or text, nor does it cite one authority except his own opinion. He does mention the probable cause affidavit, which is replete with hearsay, and the above records reviewed. Dr. Thomas does mention employees of Rite Aid, but fails to describe their qualifications in the December 20, 2014 review.

Dr. Thomas through the Government provides a record review dated August 31, 2017 reviewing Dr. Li's patient records of nine (9) people. This review contains no citation to scholarly journals, or specific standards.

The Motion accompanying this memorandum cites errors in Dr. Thomas' report and statements made in that report that fly in the face of accepted medical concepts and guidelines for the prescribing of opioids and other pain-relieving substances. The motion cites authority supporting the medical treatment pursued by Dr. Li and recorded in the medical records or his patients. Contrastingly, Dr. Thomas offers no support of his sharp criticism of Dr. Li

Under Daubert, "whether to allow scientific or technical testimony, is within the sound discretion of the district court and is reviewed only for abuse.", Government of the Virgin Islands v. Sanes, 57 F. 3d. 338, 466 (3d Cir. 1995), United States v. Downing, 753 F. 2d 1224, 1232 (3d Cir. 1985). When faced with a proffer of scientific expert testimony under Rule 702 the district court must assess whether the expert testimony underlying the reasoning or methodology is scientifically valid and can properly be applied to the case and the facts at issue. Sanes, at 466, Downing at 1232, relying on Daubert v. Merrell Dow Pharmaceuticals, inc., 509 U.S. 579 (1993).

In determining the admissibility of expert testimony, courts must review the expert's qualifications, the reliability of the methods, and the fit of the expert's methods to the facts of the case. An expert's opinion is reliable if it has "good grounds" in scientific methods and procedures and is not based on 'subjective belief or unsupported speculation'. Rowland v. Novarts Pharmaceuticals Corp., 9F. Supp. 3d 553, 558-559 (U.S.D.C.W.D. Pa 2014). Citing Daubert at 594-95.

In our case Dr. Thomas' report is based on his subjective belief. He cites no standards set forth in the medical journals, nor does he rely on other physician's opinions that Dr. Li's prescriptions and treatment were not designed to help his patients. Our motion sets forth an example of the authorities available to guide the practices of diagnosing and treating pain. They are available readily to a physician or other scientist online of in a library.

In Pritchard v. Dow Agro Sciences, 430 Fed. Appx 102, (3d Cir. 2011) the Government sought to offer testimony through its medical expert regarding causation. The expert offered a general opinion citing two studies, but offered no explanations of the studies' findings or how they fit his case. id at 489. The court found the opinion of the expert unreliable and inadmissible. In our case, Dr. Thomas offers no study, not even 2 unreliable ones. Hence the Court should similarly find Dr. Thomas' report and subsequent testimony unreliable and inadmissible.

Li understands that <u>Daubert</u> commands the trial court to determine whether the expert's testimony both rests on a reliable foundation and is relevant to the task at hand and whether the expert is qualified.  Here according to Dr. Thomas' credentials, he seems well qualified; however, a further inquiry must be undertaken.

A central focus of that inquiry is an expert's methodology and the data offered to support her bottom line opinions to determine whether that date provides adequate support to make the expert's testimony reliable.  <u>Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.</u>, 161 F. 3d 77, 81(1st Cir. 1998).  The methodology that Dr. Thomas used is questionable. He did examine Dr. Li's patient records and he drew conclusions from those records. Then instead of relying on medical standards o scholarly journals, or even state standards, he issued conclusions unsupported by those sources.

Li believes that factor (4) in Daubert's guide to judges, the level of the theory's or technique's acceptance within the relevant discipline is important to the instant inquiry. Daubert at 593-94.  Here we do not know whether Dr. Thomas' technique is acceptable because he never indicates a methodology or a comparison of Dr Li's practices against that standard, nor does Dr. Thomas meet guide (2) telling us whether his technique has been subject to peer review and publication.  Again, he cites no peer review or peer reviewed article in a recognized publication.

Being mindful that <u>Kuhmo Tire Co. v. Carmichael</u>, 526 U.S. 137, 153 (1999) confers wide latitude on trial judges evaluate reliability and that cross-examination and contrary evidence are alternatives to keeping evidence out, Li contends that the factors mititating for a grant of the accompanying motion are present here.

**CONCLUSION**

Because the reports at issue lack support in recognized scholarly journals or standards otherwise recognized within the scientific/medical profession, this Court should deny admission of Dr. Thomas' report or testimony.

Respectfully submitted:

_/s/ *Michael E. Weinstein*
MICHAEL E. WEINSTEIN, ESQUIRE
Pennsylvania Attorney I.D. #20806
410 Broad Street
Milford, PA 18337
Telephone: (570) 296-7300
Facsimile: (570) 296-8600

_/s/ *William Ruzzo*
WILLIAM RUZZO, ESQUIRE
Pennsylvania Attorney ID# 75865
590 Rutter Avenue
Kingston, Pennsylvania 18704
Telephone: (570) 288-7799
Facsimile: (570)-288-7798

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NO. 3:16-CR-194 |
| | : | |
| v. | : | (Judge Richard Caputo) |
| | : | |
| FUHAI LI, | : | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

We, Michael E. Weinstein, Esquire, of Weinstein, Zimmerman & Ohliger, and William Ruzzo, Esquire, hereby certify that on the 6<u>th</u> day of <u>March</u>, <u>2018</u>, we caused the foregoing **DEFENDANT'S BRIEF IN SUPPORT OF THE MOTION IN LIMINE TO EXCLUDE THE EXPERT OPINIONS AND TESTIMONY OF DR. STEPHEN THOMAS** via the Court's ECF system on all counsel of record as authorized under Federal Rule 5(b)(2)(E) and local rule 5.6 of the United States District Court for the Middle District of Pennsylvania. We further certify that all counsel of record in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system:

> Michelle Olshefski, Esquire
> Assistant U.S. Attorney
> U.S. Attorney's Office, Suite 311
> 235 North Washington Avenue
> Scranton, Pennsylvania 18503
> Email: Michelle.Olshefski@usdoj.gov

> _/s/ *Michael E. Weinstein*
> Michael E. Weinstein, Esquire
> Pennsylvania Attorney I.D. #20806
> WEINSTEIN, ZIMMERMAN & OHLIGER
> 410 Broad Street
> Milford, PA 18337
> Telephone:  (570) 296-7300
> Facsimile:    (570) 296-8600

> _/s/    *William Ruzzo*
> WILLIAM RUZZO, ESQUIRE
> Pennsylvania Attorney ID# 75865
> 590 Rutter Avenue
> Kingston, Pennsylvania 18704
> Telephone: (570) 288-7799
> Facsimile:   (570)-288-7798