IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NO. 3:16-CR-194 |
| | : | |
| v. | : | (Judge Richard Caputo) |
| | : | |
| FUHAI LI, | : | |
| Defendant | : | |

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DR. LI'S MOTIONS IN LIMINE

Dr. Li through undersigned counsel filed a number of Motions contending that certain evidence is either not relevant or substantially more prejudicial than probative. Dr. Li anticipates that the government will attempt to admit evidence outside of the statute of limitations, prior bad acts, and evidence that is not sufficiently probative to overcome its inflammatory effect.

The Federal Rules of Evidence determine the admissibility of evidence at trial. To be admitted, evidence must be relevant i.e. must have the tendency to make a fact more or less probable. Fed. R. Evid. 401(a). Also, it must be of consequence (material) in determining the action. Fed. R. Evid. 401(b)

If relevant evidence is substantially more prejudicial than probative, may confuse the jury, mislead it, or waste time, the Court should not admit the proffered evidence. U.S. V. Vosling, 602.F.3d 512, 537 (3d.Cir.2010), Fed .R. Evid. 403.

A trial Court's decision whether to admit evidence will be reviewed for abuse of discretion. Walden v. Georgia Pacific Corp. 125 F.3d. 506, 517 (3d.Cir.1997). An abuse of discretion is more than mere error.

Dr. Li in his motion, sets forth 7 specific matters which he anticipates that the government will introduce at trial. Initially, averments 1 and 7 in the motion, relate to anticipated testimony about Dr. Li's prescriptions for patients other than the patients in the indictment. Any information or testimony which is not related to the patient in the indictment does not make more

or less probable that Dr. Li treated the patients specified in the indictment improperly or criminally. This evidence will be confusing and unduly prejudicial, hence violating Rules 401 (a) and Rule 403.

Similarly, CVS Pharmacy reports about Dr. Li's prescriptions generally have no relevance unless the prescriptions are related to the specific patients in the indictment. The issue here is not whether Dr. Li's prescribing data is within CVS Pharmacies parameters, but how Dr. Li treated certain patients mentioned in the indictment. What fact does this evidence make more or less probable? Does the fact relate to a matter of consequence?

In U.S. v. Hawkins, 215 F.3d 858 (3d.Cir.2000), the issue of possession of a gun arose. The government alleged that the Defendant, a convicted felon, threw a gun in a snow bank near his residence. The Defendant sought to cross examine the police officer who found evidence of ammunition that would be a fit for the gun in question in an apartment upstairs from the Defendant's first floor room. The court there would not allow the Defendant's cross reasoning that the issue was possession of the gun in question. Possession of similar ammunition did not render an issue of consequence more or less probable. Ownership was not relevant; possession was.

In our case the potential evidence at issue in the motion, is tangential and not related to the accusations in the indictment. Hence the evidence should not be admitted.

In averment 4 of his motion Defendant suggests that Express Script (A national mail order pharmacy), report is misleading and should not be allowed into evidence. That report weighs Dr. Li's prescribing against neurologists nationally, yet Dr. Li practices neurology and pain management. This Express Script report is misleading and substantially outweighs any probative value it may have. Fed. R. Evid.

Averments 2, 3, 5 and 6 of Dr. Li's motions are objecting to the admission of similar kinds of evidence. Walmart's refusal of prescriptions based on their own policies is not relevant to Dr. Li's treatment of his patients in the indictment. This would be, if offered, expert opinion without providing an expert for the defense to cross-examine. If the government wishes to present

an opinion, let it qualify that person and call her as a witness under procedures provided by the Rules.

The remaining averments; 3, 5, and 6 fall in the same category. They concern Alcton's Pharmacy ordering system (6), Local Pharmacies reporting (5), and the P.a. Attorney Generals monitoring reports (3). They are reports that present numbers. The numbers do not tell the fact finder whether Dr. Li properly or improperly, let alone criminally, treated or failed to treat his patients.

## <u>CONCLUSION</u>

For the reasons stated herein, this Court should grant the Defendant's Motions in Limine and direct the government not to request admission of the evidence set forth in said Motions.

Respectfully submitted,

*William Ruzzo*
WILLIAM RUZZO, ESQUIRE
Attorney I.D. #53926
590 Rutter Avenue
Kingston, PA 18704
(570) 288-7799
Fax (570) 288-7798