**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,

v.

FUHAI LI,

    Defendant.

NO. 3:16-CR-00194

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before this Court are five Pretrial Motions filed by Defendant Fuhai Li. First, Defendant's Motion for Further Discovery will be denied because Defendant is not entitled to either the identity of any government informant or grand jury transcripts, and Defendant has been provided with appropriate notice under Federal Rules of Evidence 404, 609, and 807. Second, the Superseding Indictment is sufficiently detailed, and thus Defendant's Motion for a Bill of Particulars will be denied. Third, I will refuse to sever the tax evasion or controlled substance charges from an otherwise joint trial because Defendant has not offered sufficient support for me to conclude that absent severance Defendant would be substantially prejudiced. Fourth, no Count in the Superseding Indictment will be dismissed as untimely. Finally, Defendant's Motion for the Return of Property will be denied because there has been a probable cause finding by a grand jury, which rendered the seized funds "tainted."

## **I. Background**[1]

Defendant was a physician licensed by the Commonwealth of Pennsylvania. Defendant held a Pennsylvania medical license, as well as a Drug Enforcement Administration (DEA) registration number, and operated a practice within the Middle District

---

    [1]     Defense Counsel is reminded that Local Rule 5.1 states in relevant part that "[p]age numbers *shall* be placed in the margins." (emphasis added.)

of Pennsylvania. Defendant represented himself to be a specialist in neurology and pain management.

On July 19, 2016, a federal grand jury returned a 24-count Indictment charging Defendant with various violations of federal law. Counts 1 through 15 charge violations of 21 U.S.C. § 841(a)(1), for Defendant's distribution and dispensing of controlled substances outside the usual course of professional practice and not for a legitimate medical purpose. Count 16 charges a violation of 21 U.S.C. § 841(a)(1), for Defendant's distribution and dispensing of a controlled substance resulting in serious bodily injury and death of a person. Count 17 charges a violation of 21 U.S.C. § 861(f), for Defendant's distribution and dispensing of a controlled substance to a pregnant individual. Counts 18 and 19 charge violations of 21 U.S.C. § 856(a)(1), for Defendant's maintaining locations at 104 Bennett Avenue, Suite 1B, Milford, Pennsylvania, and 200 3rd Street, Milford Pennsylvania, for the purpose of unlawfully distributing controlled substances. Counts 20 and 21 charge violations of 18 U.S.C. § 1957, for Defendant engaging in monetary transactions in property derived from a specified unlawful activity. Counts 22 through 24 charge violations of 26 U.S.C. § 7201, for Defendant's tax evasion. The Indictment also included a forfeiture allegation seeking forfeiture of various property and United States currency. (*See* Doc. 1.)

A Superseding Indictment was filed on October 17, 2017. This Indictment expanded the scope of the original Indictment insofar that it charged Defendant with an additional eight (8) counts of unlawful distribution and dispensing of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and required forfeiture of Defendant's medical license. The Superseding Indictment also narrowed the time periods for conduct alleged in the original Indictment.[2] (See *Doc*. 47.)

---

[2] For example, the approximate start date of distribution contained in Count I was narrowed from February 9, 2011 to August 1, 2011. The start dates of distribution were also narrowed in Counts 3, 4, 5, 7, 9, 11, and 12.

2

Defendant has filed additional[3] pretrial motions. Specifically, Defendant has filed five motions: (1) Motion for Additional Discovery (Doc. 58); (2) Motion for Bill of Particulars (Doc. 59); (3) Motion for Separate Trial (Doc. 60); (4) Motion to Dismiss (Doc. 61); and (5) Motion for Return of Property (Doc. 63). These Motions have been fully briefed and are ripe for disposition.

## II. Discussion

**A.**    **Defendant Li's Motion for Additional Discovery**

(1)    <u>Identity of Cooperating Witnesses and Confidential Informants:</u>

Defendant requests "the identity of, the criminal history of, the psychiatric history of, promises made to and other information related to the credibility of cooperating witnesses and confidential informants." (Doc. 58, at 4.) Stated differently, Defendant is requesting the identity of cooperating witnesses and informants, and any related *Brady* or *Giglio* material produced. The Government opposes the release of this information.

In *Roviaro v. United States*, the Supreme Court recognized the "Government's privilege to withhold from disclosure the identity of persons who furnish information of

---

[3]    Defendant filed his first set of pretrial motions on December 21, 2016. At that time, Defendant filed a Motion for Bill of Particulars and Further Discovery and Points of Authority. The Motion was, in effect, multiple motions: (1) a bill of particulars (Doc. 24, "Point I"); (2) production of evidence pursuant to Rule 16 of the Federal Rules of Criminal Procedure (*Id.* "Point II"); (3) production of exculpatory evidence and impeachment material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny (*Id.*); (4) immediate notice of all evidence the Government intends to offer pursuant to Federal Rules of Evidence 404(b), 803(24), 804(b)(5), and 801(d)(2) (*Id.*); (5) production of "information related to the grand jury proceedings" (*Id.* "Point III"); (6) preservation and production of handwritten notes made by witnesses or made in interviews of witnesses or other persons with knowledge of relevant facts (*Id.* "Point IV"); and (7) leave to file additional motions following discovery of the information sought (*Id.* "Point V"). These Motions were denied in their entirety by Order on February 14, 2017. (Doc. 32.)

3

violations of law to officers charged with enforcement of the law." 353 U.S. 53, 59 (1957) (citing *Scher v. United States*, 305 U.S. 251, 254 (1938)). However, the Court explained that this privilege is not without limitations: "where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61. "While there is no fixed rule as to when disclosure is required, the Court in *Roviaro* stated that once a defendant sets forth a specific need for disclosure the court should balance 'the public interest in protecting the flow of information against the individual's right to prepare his defense.'" *United States v. Jiles*, 568 F.2d 194, 196 (3d Cir. 1981). Notably, mere speculation that the identity of an informant may provide defendant the opportunity to discover exculpatory evidence is "not sufficient to show the specific need required" to trigger the balancing of interests envisioned by *Roviaro*. *Jiles*, 568 F.2d at 197; *see also United States v. Bazzano*, 712 F.2d 826, 839 (3d Cir. 1983) (en banc); *United States v. Kim*, 577 F.2d 473, 478 (9th Cir. 1978).

Here, Defendant fails to meet his burden to provide a "specific need" for the disclosure of an informant's identity. Defendant claims that disclosure of the informant's identity would allow him to acquire "information critical to the defense in this matter." (Doc. 58, at 6.) This is a generalized need, which is insufficient to trigger disclosure of an informant's identity. Courts routinely reject defendants' requests when they offer a more specific need for an informant's identity than that offered here. *See, e.g.*, *Pickel v. United States*, 746 F.2d 176, 181-82 (3d Cir. 1984) (explaining that the defendant lacked a sufficiently specific need for an informant's identity when defendant sought the information to show that certain subpoenas were issued in bad faith); *Bazzano*, 712 F.2d at 839 (finding that the defendant lacked a sufficiently specific need for an informant's identity when defendant argued the informant's testimony was needed to challenge the probable cause

determination for a subsequent search). Defendant does suggest, in passing, that the identity could be used to cultivate evidence for impeachment purposes. But, again, such a "need" is insufficient. *See United States v. Brenneman*, 455 F.2d 809, 811 (3d Cir. 1972) (denying defendant's request for the disclosure of an informant's identity premised on the informant's ability to provide evidence that would strengthen cross-examination and support impeachment). Accordingly, I will not require the Government to produce the identity of the two informants or the "anonymous" tipsters[4] as requested by Defendant.

Notably, the Defendant also requests the immediate disclosure of *Brady* and *Giglio* material related to the informants. Considering the Government's un-rebutted averment that it has provided Defendant with all material required to be disclosed under *Brady* and *Giglio*, and in light of the Government's representation that it will continue to comply with its disclosure obligations under *Brady* and *Giglio* moving forward, Defendant's motion for the immediate disclosure of such information related to the Government's informants is denied.

(2) <u>Notice Under Federal Rules of Evidence 404(b), 609, and 807:</u>

i. *Rule 404(b)*

Defendant seeks the "early notification of the Government's intent to use other crimes evidence." (Doc. 58, at 8.) I construe such a request as a motion for immediate pretrial notice of the Government's intention to offer evidence under Federal Rule of Evidence 404(b). *See United States v. Li*, No. 16-194, 2017 WL 590275, at *4 (M.D. Pa. Feb. 14, 2017) (Caputo, J.). In response, the Government contends that immediate production is not proper, but it will "endeavor to provide defense counsel with reasonable pretrial notice of Rule 404(b) evidence." (Doc. 66, at 22.)

---

[4] "A defendant is generally not entitled to the identity of a [confidential informant] when 'the informant was not an active participant or eyewitness, but rather a mere tipster.'" *Gov't of the V.I. v. Mosby*, 512 Fed. Appx 253, 257 (3d Cir. 2013) (citing *Jiles*, 658 F.2d at 194).

Federal Rule of Evidence 404(b) requires the Government to provide, upon request by the accused, "reasonable notice of the general nature of any . . . evidence [of crimes, wrongs, or other acts] that the prosecutor intends to offer at trial." FED. R. EVID. 404(b)(2). Such notice generally must be provided before trial. *See id.* However, "no specific time limits are stated" in the Rule and "the reasonableness of the timing . . . depends on the facts of each case." *United States v. Plaskett*, No. 2007-60, 2008 WL 441930, at *2 (D.V.I. Feb. 12, 2008) (finding notice provided *one week before trial* satisfied the requirement of Rule 404(b)); *see United States v. Morris*, No. 07-72, 2008 WL 4154846, at *3 (W.D. Pa. Sept. 9, 2008) (concluding that notice of intent to use Rule 404(b) evidence *seven to ten days before trial* is generally sufficient). Presently, the Government has acknowledged the benefits of providing pretrial disclosure of Rule 404(b) material and has asserted that it will endeavor to provide Defendant with reasonable pretrial notice of its intention to offer any such evidence. (Doc. 66, at 22-23.) At this stage, construing the Government's response as an acknowledgment that it will comply with the reasonable notice requirement of Rule 404(b), the Court will deny Defendant's request for immediate notice of the Government's intention to offer Rule 404(b) evidence without prejudice. *See United States v. Salerno*, No. 3:10-CR-301, 2011 WL 6141017, at *11 (M.D. Pa. Dec. 9, 2011).

    *ii.    Rule 609*

Defendant also seeks immediate notice of "the Government's intent to use evidence of conviction of a crime of either a witness or of the Defendant." (Doc. 58, at 9.) Federal Rule of Evidence 609(b) requires "advance written notice of the intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." The Government has stated that it is not aware of any convictions of the Defendant covered by Rule 609. (Doc. 66, at 23.) Further, the Government noted that it is currently unable to determine whether it will attempt to impeach a witness with a conviction more than ten-years

old because the Government does not know who the defense will call. (*Id.*) The Government does, however, acknowledge that if it wishes to impeach a defense witness with such a conviction the Government is required to provide notice in accord with Rule 609. (Doc. 66, at 23-24.)

Because the Defendant has not contested any of the representations made by the Government, his request for immediate notice pursuant to Rule 609 will be denied without prejudice.

        *iii.*     *Rule 807*

Defendant has requested notice of all hearsay statements that the Government intends to introduce pursuant to Federal Rule of Evidence 807. (Doc. 58, at 9.) The Government has made clear that it currently has no plans to introduce hearsay statements by way of Rule 807 during its case-in-chief. (Doc. 66, at 24.) And, the Government has acknowledged its obligation to notice the Defendant if its intentions change. (*Id.*) Defendant has not contested the Government's representations. Accordingly, Defendant's request for immediate notice will be denied without prejudice. *See United States v. Manfredi*, No. 07-352, 2008 WL 2622901, at *2 (W.D. Pa. June 27, 2008).

    (3)    <u>Grand Jury Transcripts:</u>

Defendant requests the disclosure of the grand jury transcripts. (Doc. 58, at 11.) He believes he is entitled to these transcripts because they are "necessary to enable him to effectively prepare his defense." But, Defendant has failed to identify a particularized need for this information.

On February 14, 2017 I issued a Memorandum which addressed Defendant's earlier motion for information related to grand jury proceedings. There, I explained that a defendant seeking information, such as transcripts, from a grand jury proceeding is required to demonstrate a "particularized need for the information that overrides the secrecy afforded

to a grand jury." *Li*, 2017 WL 590275, at *6 (citing *United States v. Mariani*, 7 F. Supp. 2d 556, 564 (M.D. Pa. 1998)). I denied Defendant's earlier request for this information because Defendant offered nothing more than vague allegations of misconduct during the proceedings. Here, nothing has changed; Defendant continues to rely on a generalized need–such as the need to "effectively prepare his defense" and cross-examinations–in support of his request. *See United States v. Slade*, No. 12-0367, 2013 WL 5873576, at *5 (E.D. Pa. July 3, 2013) (finding that a request for grand jury materials premised on the need to prepare a defense is not a proper basis to overcome the secrecy afforded to such materials); *United States v. Reliford*, No. 11-20158, 2011 WL 2144216, at *1 (E.D. Mich. May 31, 2011) (explaining that a defendant fails to meet its heavy burden to acquire grand jury transcripts where the defendant merely asserts that absent transcripts "the defense cannot adequately prepare a defense and cross-examine.").[5]

Thus, I will not disturb my earlier ruling: Defendant is not entitled to transcripts of the grand jury proceedings at this time.[6] Accordingly, Defendant's Motion will be denied without

---

[5] Defendant cites two cases in support of his position that the need to prepare for cross-examination is sufficiently particular. But, the cases cited do not stand for that proposition. First, in *Pittsburgh Plate Glass Co. v. United States*, the Court analyzed a defendant's request for grand jury transcripts. 360 U.S. 395, 400-401 (1959). There, the Court found that the defendant was not owed transcripts when the defendant failed to establish a particularized need for them. Second, in *United States v. Perez*, the Ninth Circuit denied a request to release grand jury transcripts. 67 F.3d 1371, at 1381 (9th Cir. 1995). Curiously, arguments about to the need for transcripts to prepare for cross-examination do not appear in *Perez*.

[6] Pursuant to the Jencks Act, Defendant will be owed the grand jury transcripts detailing prior statements made by prosecution witnesses. These transcripts must be produced immediately following the direct testimony of these witnesses. Additionally, insofar that grand jury testimony constitutes *Brady* material, the prosecution is required to produce the relevant transcripts prior to trial to allow Defendant an adequate time to prepare to use these materials at trial.

prejudice.

### (4) Requests for Information Pursuant to Rule 16

Finally, Defendant Li requests "all of the information to which he is entitled under Rule 16." (Doc. 58, at 11.) The Government has acknowledged its obligation to provide Defendant the material enumerated in Federal Rule of Criminal Procedure 16. (Doc. 66, at 2.) Further, the Government has stated that it has satisfied this obligation. (*Id.*) Defendant Li has not rebutted the Government's position that it has fulfilled its obligation under Rule 16. Therefore, Defendant's motion for information pursuant to Rule 16 will be denied without prejudice.

**B.     Defendant Li's Second Motion for a Bill of Particulars**

Next, Defendant Li seeks a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f).

It is well settled that "[t]he purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971). Notably, a bill of particulars is not to be used as a discovery tool. *See United States v. Fischbach & Moore, Inc.*, 576 F. Supp. 1384, 1389 (W.D. Pa. 1983). Unlike discovery, a bill of particulars is not intended to provide a defendant with the fruits of the Government's investigation. *See United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). "Rather, it is intended to give the defendant only the minimum amount of information necessary to permit the defendant to conduct his *own* investigation." *Id.* (internal citations omitted) (emphasis in original). Thus, it is only appropriate under Rule 7(f) of the Federal Rules of Criminal Procedure to compel the Government to produce a bill of particulars when "an indictment's failure to provide factual or legal information *significantly* impairs the

9

defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989) (emphasis added).

Whether to grant a motion for a bill of particulars is within the discretion of the trial court. *Addonizio*, 451 F.2d at 64. In considering whether to grant a motion for a bill of particulars, courts must consider "numerous countervailing considerations," including: unfairness to the government, *Rosa*, 891 F.2d at 1066, the sufficiency of the indictment, *Fischbach & Moore, Inc.*, 576 F. Supp. at 1389, and the extent to which the government has provided discovery, *Urban*, 404 F.3d at 772. Generally, an indictment is sufficient if it: "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007).

The present Superseding Indictment sets forth the elements of each offense, cites to the relevant statutes, and identifies the general time and location for each offense charged. Additionally, the Government has provided the Defendant with extensive discovery. The Government explains that it has provided Defendant with the "mirror image" of all medical and financial files the Government has in its possession. (Doc. 67, at 3.) Moreover, the Government has provided an expert report and the affidavit in support of probable cause. (Doc. 67, at 4-5.) This is more information than the Government was required to disclose and far exceeds the requirements imposed by Federal Rule of Criminal Procedure 7(f).[7]

---

[7] Defendant's claim that a bill of particulars should be granted to provide the names of unindicted co-conspirators is meritless. *See, e.g., United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) ("The Government is not required to furnish the name of all other co-conspirators in a bill of particulars."); *United States v. Sampson*, No. 11-155, 2012 WL 214707, at *2 (M.D. Pa. Jan. 24, 2012) ("Courts have been highly reluctant to require

Accordingly, Defendant's Motion for a Bill of Particulars will be denied.

**C.      Defendant Li's Motion to Sever the Offenses**

Defendant has also moved to sever the drug-related charges in the Superseding Indictment, Counts 1 through 29, from the tax evasion charges, Counts 30 through 32. To that end, he argues that he would face considerable prejudice at a joint trial due to: (1) the presentation of evidence that would be inadmissable at a trial solely on the drug charges; and (2) his desire to testify about the drug charges, but not that the tax evasion charges.

Federal Rule of Criminal Procedure 8(a) provides that an indictment "may charge a defendant in separate counts with two or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Even where the joinder off offenses is proper under Rule 8[8], "[i]f the joinder of offenses . . . appears to prejudice a defendant, or the Government, the court *may* order separate trials of counts . . . or provide any other relief that justice requires." FED. R. CRIM. P. 14(a) (emphasis added.) However, the mere appearance of prejudice is insufficient to justify severance. Instead, severance should be reserved for those cases where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making

---

a bill of particulars when defendants have asked for specific identities of co-conspirators."); *United States v. Knight*, No. 12-0367, 2013 WL 3367259, at *4 (E.D. Pa. July 3, 2013) (denying a bill of particulars seeking the identities of unindicted co-conspirators when significant discovery was provided to allow defendant to conduct his own investigation into the identities of these individuals). Defendant even cites cases contrary to his own position. *See United States v. MacFarlane*, 759 F. Supp. 1163, 1170 (W.D. Pa. 1991) (denying a defendant's motion for a bill of particulars because defendant failed to show that the identities of co-conspirators was necessary to prepare for trial).

[8]    Defendant does not appear to challenge joinder under Rule 8, but rather under Rule 14.

a reliable judgment of guilt or innocence." *Zfiro v. United States*, 506 U.S. 534, 538 (1993); *see also United States v. Silveus*, 542 F.3d 993, 1005-06 (3d Cir. 2008); *United States v. Colbert*, 828 F.3d 718, 728 (8th Cir. 2016). Standing alone, the suggestion that severance would improve the defendant's chance of acquittal is not enough to meet this standard. *See United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981). Stated differently, a defendant bears a "heavy burden" to demonstrate that he or she will suffer "clear and substantial prejudice resulting in a manifestly unfair trial." *United States v. Shaw*, No. 8-476, 2009 WL 3790310, at *8 (E.D. Pa. Nov. 9, 2009), *aff'd* 476 Fed. App'x. 970 (3d Cir. 2012).

"The decision of whether to sever rests in the sound discretion of the trial judge, who is best situated to weigh potential prejudice of a joint trial to the defendant against the interests of judicial economy." *United States v. Young*, No. 74040, 2015 WL 3604194, at* (E.D. Pa. June 5, 2015) (citing *Reicherter*, 647 F.2d at 400).

First, Defendant Li argues that a separate trial is necessary to avoid substantial prejudice because "the seized currency at [his] home may be evidence admissible to tax evasion offenses, but inadmissible to the controlled substance related offenses since the seized . . . currency is irrelevant as to . . . the controlled substance related offenses." (Doc. 60, at 5.) This is incorrect. I would find that the cash seized is admissible with respect to both sets of offenses.[9] *See* FED. R. EVID. 401. Additionally, a jury instruction could cure any concerns Defendant may have about the misconstruction of evidence. *See United States v. Lore*, 430 F.3d 190, 205-206 (3d Cir. 2005) (explaining that prejudice may be avoided when a court instructs the jury to consider evidence separately for each count presented). For this reason, no prejudice would flow from the decision to conduct a joint trial.

---

[9] The Superseding Indictment describes the cash seized as a fruit of Defendant's unlawful medical practice. Further, that same cash has been described as unreported income, which serves as the basis for the Counts alleging tax evasion. Thus, the cash at issue is relevant to both offenses.

12

Second, Defendant Li argues that a separate trial is necessary to avoid substantial prejudice because he wishes to testify to the controlled substance related charges, but not to the tax evasion charges. He concludes if forced to participate in a joint trial he would be required to choose to testify as to both or to neither, which he claims results in substantial prejudice.

There is no question that prejudice may result if the defendant wishes to testify to one, but not other joined offenses. *See Reicherter*, 647 F.2d at 400; *see also Cross v. United States*, 335 F.2d 987 (D.C. Cir. 1964). To obtain severance in such a situation, the Third Circuit requires defendants make a "convincing showing" that he or she has "important testimony" to give on one charge, and a "strong need to refrain from testifying on the other [charge.]" *Reicherter*, 647 F.2d at 400-01 (quoting *Baker v. United States*, 401 F.2d 958, 977 (D.C. Cir. 1968)). For example, in *United States v. Shaw*, the Third Circuit affirmed a district court's finding that a defendant was not entitled to severance. *Shaw*, 476 Fed. App'x at 972-73. There, the defendant argued–like Defendant Li–that he was owed severance because he wished to testify to one, but not both counts contained within the indictment. *See Shaw*, 2009 WL 3790310 at *8-9. But, he "failed to present any information about the nature of the testimony he would give regarding [the one count] other than expressing a desire to explain his version of what happened in that incident." *Id.* at *9. For this reason, the district court found, and the Third Circuit affirmed, that severance would be inappropriate.

Here, Defendant Li offers little, if any, more than the defendant in *Shaw*. While Defendant has stated unequivocally that he "will testify to the drug distribution charges," he offers no explanation regarding the importance of his testimony. (Doc. 78, at 6.) Instead, he states his testimony "will include anything about [the] drug distribution charges," and lists a wide arrange of potential topics for his testimony. (Doc. 78, at 6-7.) Such a statement

parallels the *Shaw* defendant's desire to "explain his version of what happened." *Shaw*, 2009 WL 3790310 at *9. The Third Circuit found such a statement insufficient in *Shaw*, and I refuse to find differently here.

Therefore, Defendant's Motion will be denied.

## D. Defendant Li's Motion to Dismiss

Next, Defendant argues that a number of Counts in the Superseding Indictment must be dismissed because they are barred by the statute of limitations.[10] The Government disagrees and contends that the Counts are not barred by the statute of limitations because they relate back to the original Indictment. I agree with the Government.

When an indictment is brought, it tolls the statute of limitations for the charges it contains. *See United States v. Friedman*, 649 F.2d 199, 203-04 (3d Cir. 1981). When a superseding indictment is filed, "an initial indictment controls for statute of limitations purposes as long as the superseding indictment does not 'materially broaden or substantially amend' the charges in the initial indictment." *United States v. Gordon*, 335 Fed. App'x. 236, 239 (3d Cir. 2009) (quoting *United States v. Oliva*, 46 F.3d 320, 324 (3d Cir. 1995)); *see also Friedman*, 649 F.2d at 203; *United States v. Ross*, 77 F.3d 1525, 1537 (7th Cir. 1996); *United States v. Grady*, 544 F.2d 598, 602 (2d Cir. 1976). It is well established that a superseding indictment does not materially broaden or substantially amend original charges if the first indictment provided fair notice of the new charges. *See United States v. Salmonese*, 352 F.3d 608, 622 (2d Cir. 2003); *United States v. Kuper*, No. 5-167-3, 2009 WL 1119490, at *2 (E.D. Pa. Apr. 27, 2009). (collecting cases).

To determine if the initial Indictment provided fair notice of the new charges contained in the Superseding Indictment I must consider "whether the additional pleadings

---

[10] Specifically, Defendant seeks dismissal of counts 3, 4, 5, 6, 11, 12, 13, 24, and 30. Additionally, Defendant seeks to change the start date of the offenses detailed in counts 1, 7, 8, 9, 10, 14, and 15.

14

allege violations of a different statute, contain different elements, rely on different evidence or expose the defendant to greater possible sentence." *Salmonese*, 352 F.3d at 622. Stated differently, the crucial inquiry to determine if notice was provided "is whether approximately the same facts were used as the basis for both indictments." *United States v. Italiano*, 894 F.2d 1280, 1283 (11th Cir. 1990). When "the allegations and charges are substantially the same in the old and new indictments, the assumption is that the defendant has been placed on notice of the charges against him." *Id.* at 1285.

There were two indictments in this case. The original Indictment was filed on July 19, 2016 and charged the Defendant with a number of crimes stemming from his operation of an allegedly unlawful medical practice.[11] Specifically, the original Indictment charged Defendant with: (1) unlawful distribution and dispensing of a controlled substance in violation of 21 U.S.C. § 841(a)(1) (sixteen counts); (2) unlawful distribution and dispensing of a controlled substance to a pregnant individual in violation of 21 U.S.C. § 861(f) (one count); (3) maintaining drug involved premises in violation of 21 U.S.C. § 856(a)(1) (two counts); (4) engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957 (two counts); and (5) tax evasion in violation of 26 U.S.C. § 7201 (three counts). This Indictment also contained a forfeiture allegation in accord with 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1). The Superseding Indictment was filed on October 17, 2017 and expanded the scope of the original Indictment insofar that it charged Defendant with an additional eight (8) counts of unlawful distribution and dispensing of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and required forfeiture of Defendant's medical license. The Superseding Indictment also narrowed the time periods for conduct alleged in the original Indictment.

---

[11] This Indictment was filed with the Court on July 20, 2016, but the Indictment was signed on the 19th. (*Doc.* 47.)

15

Defendant argues because of the inclusion of eight (8) new charges, the Superseding Indictment does not relate back to the original Indictment and thus the Counts identified are time-barred. I disagree. The two charging documents detail the same alleged criminal enterprise. The facts used to support both indictments are virtually identical. The additional pleadings contained within the Superseding Indictment do not allege violations of a different statute and do not rely on different elements. See *Salmonese*, 352 F.3d at 622. Further, the initial Indictment put Defendant on notice that he had to defend against charges regarding the unlawful distribution of a controlled substance. Thus, the additional eight (8) counts of unlawful distribution included in the Superseding Indictment should have come at no surprise. *See, e.g., United States v. Birks*, 656 F. Supp. 2d 454, 467 (D.N.J. 2009) (finding defendant had notice of detail added in a Superseding Indictment because both Indictments "allege[d] the same conspiracy, with the same objects, in violation of the same statute."); *Kuper*, 2009 WL 1119490, at *4 ("Defendant . . . cannot credibly claim that the return of additional mail fraud Counts caused unfair surprise" when the original indictment contained Counts for mail fraud during the same time period).

Therefore, after scrutinizing both the new and old Indictment, I find that the Superseding Indictment does relate back to the initial Indictment. For this reason, the initial Indictment controls for the purpose of determining whether any Count in the Superseding Indictment is time-barred. *See Friedman*, 649 F.2d at 203; *see also Ross*, 77 F.3d at 1537; *Grady*, 544 F.2d at 602.

As stated earlier, the original Indictment was filed on July 19, 2016. The Counts alleging tax evasion are governed by a six-year statute of limitations, and the remaining Counts are governed by a five-year statute of limitations. 26 U.S.C. § 7201 (governing Counts alleging tax evasion); 18 U.S.C. § 3282 (governing the remaining Counts). In other words, Counts alleging tax evasion may not allege unlawful conduct that occurred prior to

16

July 19, 2010, and the remaining Counts may not allege unlawful conduct that occurred prior to July 19, 2011. The Superseding Indictment contains no Count alleging conduct prior to August 1, 2011. Therefore, no Counts within the Superseding Indictment are time-barred.

Because no Count within the Superseding Indictment is time-barred, Defendant Li's Motion to Dismiss will be denied.

**E.     Defendant Li's Motion for the Return of Property**

Finally, Defendant Li seeks the release of over $2,000,000 in funds seized by the Government because "[t]he Government has yet to prove that these assets are tainted by any crime Dr. Li has committed." (Doc.63-1, at 1.) Principally, Defendant argues that the United States Supreme Court in *Luis v. United States* recently found that the Sixth Amendment's right to counsel extends to a Defendant's right to compensate his chosen counsel with untainted fund. *See* 136 S. Ct. 1083, 1102 (2016). The *Luis* Court did make such a pronouncement, but the facts present in this case render *Luis* inapposite.

(1)     Applicability of *Luis*:

Prior to *Luis*, the Supreme Court held in *Caplin & Drysdale* that the Government may, without offending the Fifth or Sixth Amendment, obtain forfeiture of property that a defendant wished to use to pay for an attorney when such property was properly adjudged to be forfeitable. *See Caplin & Drysdale v. United States*, 491 U.S. 617 (1989); *see also United States v. $8,850*, 461 U.S. 555 (1983) (permitting the Government to seize property on a finding of probable cause to believe that the property will ultimately be proved forfeitable). Property is properly adjudged to be forfeitable when there is a finding of probable cause to believe the assets are subject to forfeiture under a statute, such as 21 U.S.C. § 853. *See United States v. Monsanto*, 491 U.S. 600, 615 (1989); *see also Luis*, 136 S. Ct. at 1091. Notably, *Luis* did not disturb this precedent. In fact, the *Luis* Court explained that the Government "may well be able to freeze, or perhaps seize," property following a

17

finding of probable cause. *Luis*, 136 S. Ct. at 1090.

The holding in *Luis* was limited: the Government may not restrict the property of a criminal defendant when there has been no finding of probable cause or property has not been traced to an offense contained within the indictment, and the Defendant wishes to use those funds to retain counsel. *Id.* at 1092.

Here, a United States Magistrate Judge and a grand jury concluded that there was probable cause to believe that the funds ultimately seized by the Government represented funds traceable to the offenses charged in the Indictment. Thus, the Court's decision in *Luis* does not immediately apply as suggested by the Defendant because the funds at issue were not "untainted." Thus, *Caplin & Drysdale* and *Monsanto* control; the funds were able to be seized and need not be released upon request.

(2)     Defendant's Request for a Hearing:

Defendant also requests a hearing to offer evidence that some of the funds seized are untainted. (*See, e.g., Doc.* 77, at 4.) To obtain this hearing the Defendant is required (1) to "demonstrate to the court's satisfaction that [he] has no assets, other than those restrained," and (2) to "make a *prima facie* showing of a *bona fide* reason to believe the grand jury erred in determining that the restrained assets constitute or are derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.[12]" *United States v. Yusuf*, 199 Fed. App'x. 127, 132 (3d Cir. 2006) (citing *United States v. Jones*, 160 F.3d 641, 647 (10th Cir. 1998), *cert. denied*, 549 U.S. 1338 (2007); *United States v. Farmer*, 274 F.3d 800, 803 (4th Cir. 2001)). If a defendant is able to satisfy these initial burdens, a

---

[12]     Some courts require only a showing of a financial need for the restrained assets. *United States v. Bonventure*, 720 F.3d 126, 131 (2d Cir. 2013). But, the Third Circuit has acknowledged, albeit in an unpublished opinion, that a *Monsanto* hearing should not occur unless both prongs of this analysis are satisfied. *Yusuf*, 199 Fed. App'x. at 132.

18

district court should then conduct an adversarial hearing at which "the government must establish probable cause[13] to believe that the restrained assets are traceable to the underlying offense." *Id.*

Defendant Li has failed to meet his initial burden and is not owed an adversarial hearing. Defendant does not claim that he has no assets other than those restrained. Instead, Defendant claims that his "untainted assets would be insufficient for funding his defense.[14] This is not remotely sufficient to overcome his burden. *See, e.g.*, *United States v. Bonventure*, 720 F.3d 126, 133 (2d Cir. 2013) (explaining that a defendant must offer more than a "mere recitation" of their lack of funds; "a defendant must make a sufficient evidentiary showing that there are no sufficient alternative, unrestrained assets to fund the counsel of choice."); *United States v. Patel*, 888 F. Supp. 2d 760, 770 (W.D. Va. 2012) (finding a defendant made a sufficient showing of financial need by filing "numerous affidavits, documents, bills, and checks. . . ."). Further, Defendant does not proffer any reason to believe that the grand jury erred in its determination that there was probable cause that the assets seized were traceable to the crimes charged. Rather, Defendant appears to argue that he is entitled to a post-deprivation adversarial hearing as a matter of course. This is incorrect. *See Yusuf*, 199 Fed. App'x. at 132.

For these reasons, I will deny Defendant's Motion for the Release of Property. In

---

[13] Notably, if the hearing is granted, the Government will be unable to rely solely on the grand jury's probable cause finding to show that funds subject to restraint are traceable to the offenses charged. *See Yusuf*, 199 Fed. App'x. at 132 n.5.

[14] The only relevant financial averment made by the Defendant is that his present assets are "an automobile with a value of $3,000, life insurance, and an IRA worth $157,854." (*Doc.* 63, at 1.) Defendant offers no reason why these assets could not be liquidated to support his defense. Additionally, he has offered no evidence to support his claim that legal fees will amount to the $500,000 claimed.

19

doing so, I reject the idea that the "modern day Jean Valjean" must be satisfied with appointed counsel, but an alleged drug dealer with restricted funds is entitled to something more. *Caplin & Drysdale*, 491 U.S. at 630.

### III. Conclusion

For the above stated reasons, Defendant's Pretrial Motions will be denied.

An appropriate order follows.

March 13, 2018 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge