UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:16-CR-194 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| FUHAI LI, | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

## GOVERNMENT'S NOTICE OF EXPERT TESTIMONY

The United States of America, by and through Assistant United States Attorney Michelle Olshefski, files this Notice of Expert Witness or Witness with Expertise or Special Skill.

Trial in this matter is scheduled to begin on May 1, 2018. Pursuant to Fed. R. Crim. P. 16(a)(1)(G), the Government "must give to the defendant a written summary of any testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." The summary must describe (1) the witness's opinions, (2) the bases and reasons for the opinions, and (3) the witness's qualifications. The purpose of the rule is to "minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Advisory Committee Note, Fed. R. Crim. P. 16 (1993); see also United States v. Carrillo-Morones, 564 F. Supp.2d 707, 710 (W.D. Tex. 2008); United States v. McElwee, 2009 WL 2922834 (W.D. La. 2009).

1

Thus, the primary concern in any case using experts or witnesses with some expertise is providing notice.

Notice is hereby provided in accordance with the Fed. Rules of Evid. 702, 703, and 705, and Rule 16(a)(1)(G) that the Government intends to call the following witnesses with special skill and expertise to provide testimony at trial:

1. The Government intends to call Louis J. O'Boyle, D.O., a physician with special skill and expertise in internal medicine. At the time of SM's emergency admission to the Wayne Memorial Hospital on October 7, 2011, as charged in Count 24 of the Superseding Indictment, Dr. O'Boyle was employed by Wayne Memorial Hospital as an in-patient physician. Dr. O'Boyle provided treatment and care to SM until the pronouncement of her death on October 8, 2011. Dr. O'Boyle will offer testimony about the treatment and care provided to SM, the performance of criteria to determine brain death, the pronouncement of SM's death, as well as the cause of SM's death.

The medical records from Wayne Memorial Hospital relating to the emergency admission of SM on October 7, 2011, which detail Dr. O'Boyle's treatment and care provided to SM, including the pronouncement of her death October 8, 2011, have previously been provided to the defense. The CV of Dr. O'Boyle will be provided to the defense under separate cover.

2. The Government intends to call Michael J. Coyer, Ph.D. a forensic toxicologist and laboratory research director for Northern Tier Research located in

Dunmore, Pennsylvania. Dr. Coyer will testify about the results of laboratory testing performed on SM's blood at the request and direction of the Wayne County Coroner following SM's death.

The toxicology report related to the laboratory testing of SM's blood and the results thereof have previously been provided to the defense. The CV of Dr. Coyer will be provided to the defense under separate cover.

3. The Government intends to call Jignesh Patel, M.D., a physician with special skill and expertise in internal medicine. At the time of LD's emergency admission to the Pocono Medical Center in East Stroudsburg, Pennsylvania on October 27, 2013, Dr. Patel was employed by the Pocono Medical Center as an in-patient physician. On or about October 27, 2013, he encountered LD, as charged in Count 1 of the Superseding Indictment, who was seeking and demanding oxycodone 30 mg. Dr. Patel will offer testimony relevant to his treatment of LD, his efforts to ascertain a diagnosis from the defendant to substantiate the prescribing of oxycodone 30 mg. for LD, as well as his multiple contacts with the defendant at that time.

The medical records from the Pocono Medical Center relating to the emergency admission of LD on October 27, 2013, which detail Dr. Patel's treatment and care provided to LD, as well as his communications with the defendant, have previously been provided to the defense. The CV of Dr. Patel will be provided to the defense under separate cover.

4.      The Government intends to call Manuel de Castro, M.D., a neonatal physician with special skill and expertise in neonatal medicine. Dr. de Castro provided care and treatment to the opioid dependent baby born to RS on May 12, 2014 at the Orange Regional Medical Center in Middletown, New York. The unlawful distribution of oxycodone to RS on May 1, 2014 is charged in Count 25 of the Superseding Indictment (Unlawful Distribution and Dispensing of a Controlled Substance to a Pregnant Individual). Dr. de Castro will offer testimony about the fact that the child born to RS on May 12, 2014 was born opioid dependent and remained in the neonatal intensive care unit of the Orange Regional Medical Center for approximately 10 days before the newborn was released to the custody of RS.

The medical records from Orange Regional Medical Center relating to the admission of the opioid dependent baby boy to the neonatal intensive care unit on May 12, 2014, which detail Dr. de Castro's treatment and care provided to the child and the child's condition and diagnosis, have previously been provided to the defense. The CV of Dr. de Castro will be provided to the defense under separate cover.

>                   Respectfully submitted,
>
>                   DAVID J. FREED
>                   United States Attorney
>
>
>          By:      /s/ Michelle L. Olshefski
>                   MICHELLE L. OLSHEFSKI
>                   Assistant U.S. Attorney

Dated: April 18, 2018

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | NO. 3:16-CR-194 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| FUHAI LI, | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of April, 2018, I caused the foregoing "**Government's Notice of Expert Testimony**" to be served upon Michael Weinstein, Esquire, counsel of record for the defendant, and that Attorney Weinstein is a filing user under the ECF system.

/s/ Michelle L. Olshefski
Michelle L. Olshefski
Assistant U.S. Attorney