UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:16-CR-194 | |
| | : | | |
| v. | : | (JUDGE CAPUTO) | |
| | : | | |
| FUHAI LI, | : | (ELECTRONICALLY FILED) | |
| Defendant | : | | |

AND NOW COMES, the United States, through and by counsel, David J. Freed, United States Attorney, Michelle Olshefski, Assistant United States Attorney, and Francis P. Sempa, Assistant United States Attorney, and moves this Court pursuant to Federal Rule of Criminal Procedure 30 to give the following instructions.   The Government further requests leave to file any supplemental instruction as may be necessary and proper.

Respectfully Submitted,

DAVID J. FREED
UNITED STATES ATTORNEY


/s/ Michelle Olshefski
MICHELLE OLSHEFSKI
FRANCIS P. SEMPA
Assistant United States Attorneys

Date:   May 1, 2018

GOVERNMENT'S REQUEST NO. 1

## Counts 1 through 23 – Distribution of a Controlled Substance Outside the Usual Course of Professional Practice and Not for a Legitimate Medical Purpose – Essential Elements

Count 1 through 23 of the superseding indictment charge Fuhai Li with distributing and dispensing, or causing to be distributed or dispensed, a controlled substances <u>outside the usual course of professional practice and not for a legitimate medical purpose</u>, which is a violation of federal law.

In order to find the defendant guilty of distributing and dispensing, or causing to be distributed or dispensed, a controlled substance <u>outside the usual course of professional practice and not for a legitimate medical purpose</u>, you must find that the Government proved each of the following <u>four</u> elements beyond a reasonable doubt as to the defendant:

**First**, that the defendant distributed and dispensed, or caused to be distributed or dispensed, a mixture or substance containing a controlled substance;

**Second**, <u>that the defendant</u> distributed and dispensed, or caused to be distributed or dispensed, <u>the controlled substance outside the usual course of professional practice and not for a legitimate medical purpose</u>;

**Third**, that the defendant distributed and dispensed, or caused to be distributed or dispensed, the controlled substance <u>while knowing or intending that the distribution was outside the usual course of professional practice and not for a legitimate medical purpose</u>; and

**Fourth**, that the controlled substance was the <u>substance identified in the superseding indictment</u>.

<u>AUTHORITY</u>:   Third Circuit Model Criminal Jury Instructions, No. 6.21 841B (2015) (modified as noted).

GOVERNMENT'S REQUEST NO. 2

<u>Counts 1 through 23 – Distribution of a Controlled Substance Outside the Usual
Course of Professional Practice and Not for a Legitimate Medical Purpose –
Definitions of Practitioner, Dispense, and Distribute</u>

The first thing you must determine is whether the defendant distributed and dispensed, or caused to be distributed or dispensed, controlled substances.

Title 18 United States Code, Section 802 defines the terms "Practitioner", "dispense", and "distribute".

"The term 'practitioner' means a physician……licensed, registered, or otherwise permitted, by the United States or the jurisdiction in which he practices….to distribute, dispense…..administer……a controlled substance in the course of professional practice…."[1]

"The term 'dispense' means to deliver a controlled substance to an ultimate user……by, or pursuant to the lawful order of a practitioner, including the prescribing and administering of a controlled substance…."[2]

"The term 'distribute' means to deliver (other than by administering or dispensing) a controlled substance….."[3]

Distribute, as used in the offense charged, means deliver or transfer possession or control of a controlled substance from one person to another. Distribute includes the sale of a controlled substance by one person to another, but

---

[1]   18 U.S.C. § 802(21)
[2]   18 U.S.C. § 802(10)
[3]   18 U.S.C. § 802(11)

does not require a sale.   Distribution also includes a delivery or transfer without any financial compensation, such as a gift or trade.[4]

The Government may prove this element by showing beyond a reasonable doubt either that the defendant delivered the drug to the ultimate user or that the defendant wrote a prescription for the drugs.[5]

The Government need not prove that the prescription was filled to prove that the practitioner dispensed a drug.   A prescription is the written representation of the drug and enables its possessor to claim physical custody and control over the drug prescribed.   When a practitioner writes a patient a prescription for a drug, he is constructively transferring the drug to the patient.   Thus, by placing a prescription for a controlled substance in the hands of an ultimate user, a physician completes the act of dispensing even if no ultimate user ever received possession of the drugs.[6]

---

[4] This paragraph is Third Circuit Model Criminal Jury Instructions, No. 6.21.841-2 (2015) (unmodified).

[5] 3 L. Sand, et al Modern Federal Jury Instructions – Criminal, No. 56-16 (2015) (modified as noted).

[6] *United States v. Tighe*, 551 F.2d 18 (3d Cir. 1977); *United States v. Flowers*, 818 F.2d 464, 467 (6th Cir. 1987); *United States v. Asmat*, 805 F.3d 1018, 1034 (11h Cir. 2015).

## GOVERNMENT'S REQUEST NO. 3

### Counts 1 through 23 – Distribution of a Controlled Substance Outside the Usual Course of Professional Practice and Not for a Legitimate Medical Purpose – "Knowingly" and "Intentionally" Defined

To act knowingly, as used in the offenses charged, means that a defendant was conscious and aware that he was engaged in the act charged and knew of the surrounding facts and circumstances that make out the offense.   Knowingly does not require that a defendant knew that the acts charged and surrounding facts amounted to a crime.

To act intentionally, as used in the offense charged, means to act deliberately and not by accident.   Intentionally does not require that a defendant intended to violate the law.

The phrase "knowingly or intentionally," as used in the offenses charged, requires the Government to prove beyond a reasonable doubt that a defendant distributed and dispensed, or caused to be distributed and dispensed, a controlled substance and knew or intended that the distributing was outside the usual course of professional practice and not for a legitimate medical purpose.   In addition, the Government must also prove beyond a reasonable doubt that the controlled substance was in fact the controlled substance as charged in the superseding indictment.   However, as long as you find that the Government proved beyond a reasonable doubt that a defendant knew that what he dispensed was a controlled substance, you need not find that the defendant knew that the controlled substance was the controlled substance as charged in the superseding indictment.

In deciding whether a defendant acted "knowingly or intentionally," you may consider evidence about what he said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in his mind at that time.

AUTHORITY:   Third Circuit Model Criminal Jury Instruction, No. 6.21.841-4 (2015) (modified as noted).

## GOVERNMENT'S REQUEST NO. 4

### <u>Counts 1 through 23 – Distribution of a Controlled Substance Outside the Usual Course of Professional Practice and Not for a Legitimate Medical Purpose – Method of Proving Knowledge</u>

Your decision whether a defendant distributed and dispensed, or caused to be distributed and dispensed, controlled substances while knowing or intending that the distribution was outside the usual course of professional practice and not for a legitimate medical purpose involves a decision about that defendant's state of mind.   It is obviously impossible to prove directly the operation of a defendant's mind.   But a wise and intelligent consideration of all the facts and circumstances shown by the evidence and the exhibits in the case may enable you to infer what a defendant's state of mind was.

In our everyday affairs, we are continuously called upon to decide from the actions of others what their state of mind is.   Experience has taught us that, frequently, actions speak louder and more clearly than spoken or written words. Therefore, you may well rely in part on circumstantial evidence in determining the defendant's state of mind.

AUTHORITY:   2 L. Sand, et al., Modern Federal Jury Instructions, Instruction 56.-7 (2011) (modified as noted); *United States v. Iafelice*, 978 F.2d 92, 97-98 (3d Cir. 1992).

## GOVERNMENT'S REQUEST NO. 5

### <u>Willful Blindness – Deliberate Ignorance</u>

To find the defendant guilty of distributing and dispensing, or causing distribution and dispensing, of the substances charged in the superseding indictment outside the usual course of professional practice and not for a legitimate medical purpose, you must find that the Government proved beyond a reasonable doubt that the defendant distributed the controlled substances charged in the superseding indictment <u>while knowing or intending that this distribution was outside the usual course of professional practice and not for a legitimate medical purposes</u>.

When, as in this case, knowledge of a particular fact or circumstance is an essential part of the offense charged, the Government may prove that the defendant knew of that fact or circumstance if the evidence proves beyond a reasonable doubt that the defendant deliberately closed his eyes to what would otherwise have been obvious to him.

No one can avoid responsibility for a crime by deliberately ignoring what is obvious.   Thus, you may find that the defendant distributed and dispensed, or caused to be distributed and dispensed, the controlled substances identified in the superseding indictment <u>while knowing or intending that the distribution</u> was outside the usual course of professional practice and not for a legitimate medical purpose based on evidence which proves that:   (1) the defendant himself subjectively believed that there was a high probability that this fact existed, and (2)

the defendant consciously used deliberate efforts to avoid knowing about the existence of this fact.

You may not find that the defendant distributed and dispensed, or caused to be distributed and dispensed, the substances identified in the superseding indictment while knowing that this distribution was outside the usual course of professional practice and not for a legitimate medical purposes if you find that the defendant actually believed that this fact did not exist.   Also, you may not find that the defendant distributed and dispensed, or caused to be distributed and dispensed, the substances identified in the superseding indictment while knowing that this distribution was outside the usual course of professional practice and not for a legitimate medical purpose if you find that the defendant consciously disregarded a risk that this fact existed, or that the defendant should have known that this fact existed, or that a reasonable person would have known of a high probability that he was distributing and dispensing, or causing to be distributed and dispensed, the substances identified in the superseding indictment outside the usual course of professional practice and not for a legitimate medical purpose   It is not enough that the defendant may have been reckless or stupid or foolish, or may have acted out of inadvertence or accident. You must find that the defendant himself subjectively believed there was a high probability of the existence of the fact that he was distributing the controlled substances identified in the superseding indictment outside the usual course of professional practice and not for a legitimate medical

purpose deliberately, avoided knowing about it, and did not actually believe that it

did not exist.

AUTHORITY:   Third Circuit Model Criminal Jury Instructions, No. 5.06 (2015)
(modified as noted).

GOVERNMENT'S REQUEST NO. 6

<u>Counts 1 through 23 – Distribution of a Controlled Substance Outside the Usual
Course of Professional Practice and Not for a Legitimate Medical Purpose –
Controlled Substance Defined</u>

You are instructed that, as a matter of law, Oxycodone, Methadone,

OxyContin, Oxymorphone, a/k/a "Opana", Hydromorphone, Valium, Percocet, and

Fentanyl are controlled substances, that is, some kind of prohibited drugs.

It is solely for you, however, to decide whether the Government has proved

beyond a reasonable doubt that the defendant distributed and dispensed, or caused

to be distributed and dispensed, the substances identified in the superseding

indictment outside the usual course of professional practice and not for a legitimate

medical purpose.

<u>AUTHORITY</u>:   Third Circuit Model Criminal Jury Instructions, No. 6.2 L84 l-3
(2015) (modified as noted).

## GOVERNMENT'S REQUEST NO. 7

### Counts 1 through 23 – Distribution of a Controlled Substance Outside the Usual Course of Professional Practice and Not for a Legitimate Medical Purpose – Actual or Exact Amount of Controlled Substance Need Not be Proven

The evidence received in this case need not prove the actual amount of the controlled substances that was part of the alleged transaction or the exact amount of the controlled substance alleged in the superseding indictment as distributed and dispensed, or caused to be distributed and dispensed, by the defendant.

The Government must prove beyond a reasonable doubt, however, that a measurable amount of the controlled substance was, in fact, knowingly and intentionally dispensed by defendant.

AUTHORITY:   2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 64.14 (6th ed. 2010).

**GOVERNMENT'S REQUEST NO. 8**

**Count 24 –Distribution of a Controlled Substance Outside the Usual Course of
Professional Practice and Not for a Legitimate Medical Purpose –
Resulting in Death**

The defendant is charged in Count 24 with the distribution of oxycodone, a
Schedule II controlled substance, outside the usual course of professional practice
and not for a legitimate medical purpose, which resulted in the death of Suzanne
Maack.

To find the defendant guilty of this crime you must be convinced that the
Government has proven each of the following six (6) essential elements beyond a
reasonable doubt:

1.     That on or about October 5, 2011, the defendant distributed and
dispensed, or caused to be distributed and dispensed, to Suzanne Maack, oxycodone,
the controlled substance charged in Count 24 of the superseding indictment;

2.     That the defendant did so knowingly or intentionally; and

3.     That at the time of the distribution or dispensing, on or about
October 5, 2011, the distribution or dispensing of the controlled substance
oxycodone to Suzanne Maack was not for a legitimate medical purpose or
was outside the usual course of professional medical practice; and

4.     That Suzanne Maack used the oxycodone which the defendant
distributed and dispensed, or caused to be distributed or dispensed, to Suzanne
Maack, and

5.     That this use of the oxycodone by Suzanne Maack caused her

death; and

   6.  That this use of the oxycodone by Suzanne Maack was a cause without which her death on October 8, 2011 would not have occurred.


   The term "knowingly" is defined and explained in Instruction Nos. 3, 4 and 5.


AUTHORITY: *United States v. Burrage*, 134 S.Ct. 881 (2014)

GOVERNMENT'S REQUEST NO. 9

**Count 25 –Distribution of a Controlled Substance Outside the Usual Course of
Professional Practice and Not for a Legitimate Medical Purpose – to a
Pregnant Individual**

The defendant is charged in Count 25 with the distribution of oxycodone, a
Schedule II controlled substance, outside the usual course of professional practice
and not for a legitimate medical purpose, to a pregnant individual identified as RS
in Count 25.

To find the defendant guilty of this crime you must be convinced that the
Government has proven each of the following five (5) essential elements beyond a
reasonable doubt:

**First**, that the defendant distributed and dispensed, or caused to be
distributed or dispensed, a mixture or substance containing a controlled substance;

**Second**, that the defendant distributed and dispensed, or caused to be
distributed or dispensed, the controlled substance outside the usual course of
professional practice and not for a legitimate medical purpose;

**Third**, that the defendant distributed and dispensed, or caused to be
distributed or dispensed, the controlled substance while knowing or intending that
the distribution was outside the usual course of professional practice and not for a
legitimate medical purpose; and

**Fourth**, that the controlled substance was the substance identified in Count
25 of the superseding indictment.

**Fifth**, that at the time of the distribution of the controlled substance to RS on or about May 1, 2014, RS was a pregnant individual as charged in Count 25 of the superseding indictment.

The term "knowingly" is defined and explained in Instruction Nos. 3, 4 and 5.

## GOVERNMENT'S REQUEST NO. 10

### <u>Counts 26 and 27 – Maintaining Drug-Involved Premises</u>

Count 26 of the superseding indictment charges Fuhai Li with knowingly, intentionally and unlawfully maintaining the premises known as the office of Neurology and Pain Management Center, located at 104 Bennett Avenue, Suite 1B, Milford, Pike County, Pennsylvania, and knowingly and intentionally using and making available for use the premises for the purpose of distributing Schedule II controlled substances outside the usual course of professional practice and without legitimate medical purpose, in violation of Title 21, U.S.C. § 856(a)(1) and 18 U.S.C. § 2.

Count 27 of the superseding indictment charges Fuhai Li with knowingly, intentionally and unlawfully maintaining the premises known as the office of Neurology and Pain Management Center, located at 200 3rd Street, Milford, Pike County, Pennsylvania, and knowingly and intentionally using and making available for use the premises for the purpose of distributing Schedule II controlled substances outside the usual course of professional practice and without legitimate medical purpose, in violation of Title 21, U.S.C. § 856(a)(1) and 18 U.S.C. § 2.

That section provides in relevant part:

It shall be unlawful to knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance.

<u>AUTHORITY</u>:   21 U.S.C. § 856(a)(1).

## GOVERNMENT'S REQUEST NO. 11

### Counts 26 and 27 – Maintaining Drug-Involved Premises – Elements of the Offense

In order to prove that the defendant is guilty of maintaining a drug involved premises, the Government must prove each of the following elements beyond a reasonable doubt:

**First**, that the defendant permanently or temporarily maintained or leased or used the place described in the superseding indictment;

**Second**, that the defendant maintained that place for the purpose of distributing or dispensing outside the usual course of professional practice and not for a legitimate medical purpose any controlled substance; and

**Third**, that the defendant acted knowingly.


AUTHORITY:   3 L. Sand, et al, Modern Federal Jury Instructions – Criminal, Instruction No. 56-40 (2015) modified as noted.

## GOVERNMENT'S REQUEST NO. 12

## Counts 26 and 27 – Maintaining Drug-Involved Premises – Maintaining a Place

The first element which the Government must prove beyond a reasonable doubt is that the defendant permanently or temporarily maintained or opened or leased or used the place described in the superseding indictment.

To "maintain" a place means to exercise significant supervisory control over the activities that occur and the people who are in that place over a period of time. For example, a person who owns and resides in a house or apartment exercises such control, while a casual visitor does not.   In determining whether the defendant maintained the specified place, you should consider all of the relevant evidence, taking into account such factors as how much control the defendant exercised over the place, the duration of that control, and whether the defendant was responsible for furnishing, repairing, protecting and providing food and other supplies to those at the place.

AUTHORITY:   3 L. Sand, et al, Modern Federal Jury Instructions - Criminal, Instruction No. 56-41 (2015) (unmodified).

GOVERNMENT'S REQUEST NO. 12

Counts 26 and 27 – Maintaining Drug-Involved Premises – Purpose

The second element which the Government must prove beyond a reasonable doubt is that the defendant maintained or opened or leased or used the specified place for the purpose of distributing or dispensing outside the usual course of professional practice and not for a legitimate medical purpose any controlled substance.

To establish this element, the Government must prove that the drug activity was a significant or important reason why defendant maintained the place.   The Government is not required to prove that the drug activity was the defendant's only purpose in maintaining the place, although that would obviously satisfy this element.

AUTHORITY:   3 L. Sand, et al, Modem Federal Jury Instructions – Criminal, Instruction No. 56-42 (2015 (unmodified).

## GOVERNMENT'S REQUEST NO. 13

## <u>Counts 26 and 27 – Maintaining Drug-Involved Premises – Knowledge</u>

The third element which the Government must prove beyond a reasonable doubt is that the defendant acted knowingly.

An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

The question of whether a person acted with knowledge is a question of fact for you to determine, like any other fact question.   Direct proof of knowledge is not always available, and such proof is not required. The ultimate fact of whether someone knew something at a particular time, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

<u>AUTHORITY</u>:   3 L Sand, et al, Modern Federal Jury Instructions – Criminal, Instruction No. 56-43 (2015) (modified as noted)

GOVERNMENT'S REQUEST NO. 14

**Counts 28 and 29 – Engaging in monetary transactions in property derived from specified unlawful activity - Elements of the Offense (18 U.S.C. §1957)**

In Counts 28 and 29, the defendant is charged with engaging in monetary transactions in property derived from specified unlawful activity, in violation of Title 18, United States Code, § 1957.

A defendant can be found guilty of a violation of Title 18, United States Code, § 1957 only if all of the following five elements are proved beyond a reasonable doubt:

**First**:    That the defendant knowingly engaged in or attempted to engage in a monetary transaction;

**Second**:    That the defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

**Third**:    That the property had a value of more than $10,000;

**Fourth**:    That the property was in fact proceeds of unlawful distribution and dispensing of controlled substances, in violation of 21 U.S.C. § 841(a)(1) as alleged in Counts 1 through 25 of the superseding indictment; and,

**Fifth**:    That the transaction took place in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer or exchange of funds or a monetary instrument by, through, or to a financial institution in a way that affects interstate commerce.

The term "financial institution" includes an insured bank of the F.D.I.C., a business engaged in vehicle sales, including automobile sales, a loan or finance company, a commercial bank or trust company, a private banker, any credit union or thrift institution, and an issuer, redeemer, or cashier of travelers' checks, checks, money orders or similar instruments.


AUTHORITY:   Eleventh Circuit Pattern Jury Instructions - Criminal (West 2010) § 74.6, p.424 (modified); *United States v. Sokolow*, 91F.3d 396, 407-09 (3d Cir. 1996); 18 U.S.C. § 1956(c)(6)(A); 31 U.S.C. § 5312(a)(2).

## GOVERNMENT'S REQUEST NO. 15

### Counts 30 through 32 - Tax Evasion - Elements of the Offense (26 U.S.C. § 7201)

Counts 30 through 32 of the superseding indictment charge the offense of income tax evasion, which is a violation of federal law.

In order to find a defendant guilty of this offense, you must find that the Government proved each of the following three elements beyond a reasonable doubt:

**First**:          That the defendant had a substantial income tax deficiency;

**Second**:          That the defendant made an affirmative attempt to evade or defeat the assessment or payment of the income tax; and

**Third**:          That the defendant acted willfully.

AUTHORITY:   Third Circuit Model Jury Instructions, Instruction 6.26.7201

## GOVERNMENT'S REQUEST NO. 16

### <u>Tax Evasion - Tax Deficiency Defined</u>

The first element that the Government must prove beyond a reasonable doubt is that the defendant had a substantial tax deficiency due and owing, that is that the defendant owed substantially more federal income tax than he reported on his tax return for the calendar year specified in the applicable count of the superseding indictment.

The Government does not have to prove the exact amount that the defendant owed or that the defendant evaded all of the taxes charged in the superseding indictment.   The Government is required to establish only that the defendant owed a substantial amount of income tax during the year in question, regardless whether it is more or less than the amount set forth in the indictment.

AUTHORITY:   Third Circuit Model Jury Instructions, Instruction 6.26.7201-1

## GOVERNMENT'S REQUEST NO. 17

### <u>Tax Evasion - Computation of Tax Deficiency</u>

In order to prove a tax deficiency in this case, the Government has introduced evidence that the defendant received income that was omitted from his tax return.

If you find, based on all the evidence, that the Government has established beyond a reasonable doubt that the defendant received income in addition to what he reported on his income tax return for the year in question, then you must decide whether there was a substantial tax due in addition to what was shown to be due on the return, as a result of the defendant's additional unreported income. In reaching your decision on this issue, you should consider, along with all the other evidence, the testimony introduced during the trial concerning the computation of the defendant's tax liability, when the alleged additional income was taken into account.

If you find, based on all the evidence, that the Government has established beyond a reasonable doubt that the defendant received additional income, and that there was a substantial tax due in addition to what was shown to be due on his income tax return, as a result of this additional income, then this first element has been satisfied.

AUTHORITY:   Third Circuit Model Jury Instructions, Instruction 6.26.7201-2

GOVERNMENT'S REQUEST NO. 18

**Tax Evasion - Affirmative Attempt to Evade or Defeat Defined**

The second element that the Government must prove beyond a reasonable doubt is that the defendant made an affirmative attempt to evade or defeat a tax. The phrase "attempt to evade or defeat any tax" involves two things: first, the formation of an intent to evade or defeat a tax; and, second, willfully performing some act to accomplish the intent to evade or defeat that tax.

The Government must first prove beyond a reasonable doubt that the defendant knew and understood that during the calendar year charged in the applicable count of the superseding indictment, he had a tax deficiency. The Government then must prove beyond a reasonable doubt that the defendant intended to evade or defeat the tax due and that the defendant also willfully did some affirmative act to try to accomplish this intent to evade or defeat that tax.

An affirmative act is an act done to mislead the Government with respect to the amount of taxes due and owing for the year in question or to conceal income to avoid the assessment or payment of a tax. In this case, the Government alleges in the indictment that the defendant prepared and caused to be prepared and signed and filed a false and fraudulent Form 1040, Federal Income Tax return which substantially underreported his taxable income. Even otherwise lawful or innocent conduct may constitute an affirmative act if you find that the defendant acted with intent to conceal income or mislead the Government. An act likely to mislead the Government or conceal funds satisfies this element.

The Government needs only to prove one act to satisfy this element of the offense, but you must unanimously agree on which act was committed.

AUTHORITY:   Third Circuit Model Jury Instructions, Instruction 6.26.7201-3

## GOVERNMENT'S REQUEST NO. 19

### <u>Tax Evasion - Willfully Defined</u>

The third element the Government must prove beyond a reasonable doubt is that the defendant acted willfully. "Willfully" means a voluntary and intentional violation of a known legal duty. The defendant's conduct was not willful if he acted through negligence, mistake, accident, or due to a good faith misunderstanding of the requirements of the law. A good faith belief is one that is honestly and genuinely held.

This definition of "willfulness" applies to all of the tax offenses charged in this case.   However, mere disagreement with the law or belief that the tax laws are unconstitutional or otherwise invalid does not constitute a good faith misunderstanding of the requirements of the law; all persons have a duty to obey the law whether or not they agree with it.

AUTHORITY:   Third Circuit Model Jury Instructions, Instruction 6.26.7201-4

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:16-CR-194 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| FUHAI LI, | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on May 1, 2018, she served a copy of the attached:

## GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

By electronic filing on counsel for the defendant.

Michael WE. Weinstein, Esquire
William Ruzzo, Esquire

By:    /s/ Michelle Olshefski
       MICHELLE OLSHEFSKI
       ASSISTANT U.S. ATTORNEY