IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NO. 3:16-CR-194 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| FUHAI LI, | : | |
| Defendant | : | |

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

AND NOW COMES, the Defendant, Fuhai Li, by and through his attorneys, Michael E. Weinstein, Esquire, and William Ruzzo, Esquire, and hereby submits the following Jury Instructions:

## INSTRUCTION NO. 1 – DISTRIBUTION OF CONTROLLED SUBSTANCES

21 U.S.C. §841 (a) (1)

In counts one through twenty-three of the indictment, the government charges that the defendant distributed controlled substances to certain named individuals other than for a legitimate medical purpose and outside the usual course of professional practice, in violation of the Controlled Substances Act.

Under federal law, someone who is a "practitioner" is authorized to prescribe drugs in the course of professional practice. The definition of "practitioner" includes licensed doctors and nurses. A practitioner who, in good faith, writes prescriptions for drugs in the regular course of a legitimate professional practice is protected from prosecution under the statutes. But practitioners who act outside the usual course of professional practice and prescribe drugs for no legitimate medical purpose may be guilty of violating the law.

For you to find the defendant guilty of distributing a controlled substance other than for a legitimate medical purpose and outside the usual course of professional practice, you must find that the government proved each of the following three elements beyond reasonable doubt:

**FIRST:** that the defendant distributed or dispensed a controlled substance,

**SECOND:** that the defendant acted knowingly and intentionally, and

**THIRD:** that the defendant dispensed the drug other than for a legitimate medical purpose and not in the usual course of professional practice.

The first thing you need to determine is whether the defendant distributed controlled substances. Methadone, oxycodone, and fentanyl are "controlled substances" within the meaning of the law. "Distribute" means to transfer a controlled substance to another person. A medical professional can lawfully distribute a controlled substance to an individual by writing a prescription to be filled at a pharmacy. However, if that medical professional has written the prescription other than for a legitimate medical purpose and outside the usual course of professional practice, that medical professional has "distributed" a controlled substance within the meaning of the statute.

The second element that the government must prove beyond a reasonable doubt is that when the defendant prescribed the drugs, they did so knowingly and intentionally. That is, the government must prove that the defendant acted voluntarily and intentionally, and not out of mistake, accident, or carelessness.

The third and final element the government must prove beyond a reasonable doubt is that the defendant prescribed the drug other than for a legitimate medical purpose and outside the usual course of professional practice. In making a medical judgment concerning the right treatment for an individual patient, medical professionals have discretion to choose among a wide range of available options. Therefore, in determining whether the defendant acted without a legitimate medical purpose, you should examine each defendant's actions and the circumstances surrounding them.

It is not enough for you to find that the defendant simply wrote the prescriptions at issue here. The government must prove that the medical professional intentionally and knowingly acted outside the usual course of a medical practice and without a legitimate medical purpose when he or she wrote the prescription. That is, the government must prove beyond a reasonable doubt that the defendant believed he was acting illegally under a drug law by writing the prescription.

This case is not a medical malpractice lawsuit. A medical professional becomes a criminal not when he is a bad or negligent physician, but when he ceases to be a physician at

all. Mere negligence, malpractice, carelessness, or sloppiness is not enough. In order to convict the defendant of distributing controlled substances in violation of the Controlled Substances Act, you must find that the Government has proved beyond a reasonable doubt that the defendant intended to act as drug pushers rather than as medical professionals.

It is up to you to resolve conflicting testimony and evidence as to whether the government has proved that the defendant knowingly and intentionally acted outside the usual course of professional practice and not for a legitimate medical purpose, taking into account the expert testimony you have heard over the course of the trial, as well as all of the evidence introduced by all parties. I instruct you that Guidelines are relevant but binding on you in making this determination.

---

18 U.S.C §841 (a) (1); L.B. Sands, Modern Federal Jury Instructions: Criminal, Instruction 56-15 (2013) (describing elements of the offense); First Circuit Criminal Pattern Jury Instructions § 4.21.841 (a) (1) B, cmt. (1) (2013) (defining "distribute"); L.B. Sands, Modern Federal Jury Instructions: Criminal, Instruction 56-16 (describing as "well established" the instruction that a physician can distribute a substance by writing an "improper prescription" for the drug); L.B. Sands, Modern Federal Jury Instructions: Criminal, Instruction 56-17 (defining "knowingly and intentionally"); United States v. Moore, 423 U.S. 122, 138 (1975) (describing prosecution of a doctor for "acting as a drug 'pusher' "); United States v. Feingold, 454 F.3d 1001, 1004, 1008-11 (9th Cir. 2006) ("A negligent physician but when he ceases to be a physician at all."); United States v. Volkman, 736 F.3d 1013, 1022 (6th Cir. court's instructions "a model of clarity and comprehensiveness").

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

Difference Between Civil Malpractice and Criminal Conduct

This is not a medical malpractice case. However, "[y]ou've heard the phrase 'standard of care' used during the trial by several witnesses. When you go to see a doctor as a patient, the doctor must treat you in a manner that meets the applicable standard of care that physicians of similar training would have given to you under the same circumstances. If a doctor fails to provide you with that care, the doctor may be found [negligent] in a civil [medical malpractice] lawsuit."[23] This case, however, is not a civil lawsuit. "This case is not about whether the Defendant acted negligently or whether he committed malpractice."[24] You may not find Dr. Li guilty solely because you think he acted negligently or made a mistake. "Rather, [as I have already instructed you] in order for you to find the Defendant guilty, you must find that the government has proved to you beyond a reasonable doubt that the Defendant[s'] action was not for a legitimate medical purpose in the usual course of professional practice."[25]

---

[23] *United States v. Volkman*, 736 F.3d 1013, 1022 (6th Cir. 2013).
[24] *Id.*
[25] *Id.*

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3

Good faith

To prove that Dr. Li illegally distributed controlled substances, it is the Government's burden to prove beyond a reasonable doubt that Dr. Li did not act in good faith.[19] If Dr. Li "dispense[d] a drug in good faith in the course of medically treating a patient, then [he has] dispensed the drug for a legitimate medical purpose in the usual course of accepted medical practice. That is, [he has] dispensed the drug lawfully."[20] "'Good faith' in this context means good intentions and an honest exercise of professional judgment as to a patient's medical needs. It means that the Defendant acted in accordance with what he reasonably believed to be proper medical practice."[21]

Dr. Li does not have any burden to prove that he acted in good faith. If you find that the Government did not prove beyond a reasonable doubt that Dr. Li did not act in good faith as I have defined it, you must find him not guilty.[22]

---

[19] *United States v. Hayes*, 794F.2d 1348, 1351-52 (9th Cir. 1986) (finding no error in charge that required to determine that physician acted other than in good faith and defined good faith as "an honest effort to prescribe for a patient's condition in accordance with the standard of medical practice generally recognized and accepted in the county"); *United States v. Carroll*, 518 F.2d 187,189 (5th Cir. 1975) (reversing conviction because trial Court "did not advise [the jury] that physicians are exempt from the provisions of the drug abuse statue when they dispense or prescribe controlled substances in good faith to patients in the regular course of professional practice").

[20] *United States v. Volkman*, 736 F.3d 1013, 1022 (6th Cir. 2013).

[21] *Id; United States v. Tran Trong Cuong*, 18 F.3d 1132, 1138 (4th Cir. 1994).

[22] *United States v. Alerre*, 430 F.3d 681, 692 (4th Cir. 2005) (explaining that "the jury was correctly instructed on the applicable legal principles" under 21 U.S.C. § 841 (a)(1), in particular that the defendant-doctors "could not be convicted if they had dispensed the controlled substances at issue 'in good faith' "); *United States v. Hughes*, 895 F.2d 1135, 1141-42 (6th Cir. 1990) (explaining that "[b]ecause Dudley was a licensed physician, the jury could not find him guilty of distributing substances, as long as he acted in 'good faith' ")

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.[6]


## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5

This case is a criminal case and the U.S. constitution requires that you must find that the government has proven each element of each count beyond a reasonable doubt before you find Dr. Li guilty of that count. Even if you find that the Government has proven by a preponderance of evidence, i.e. that it is more likely than not that Dr. Li is guilty, and you must find him not guilty.  U.S. v. Alerre, 430 F.3d 681, 687 n.5 (4th Cir. 2005).

---

[6] First Circuit Court Pattern Jury Instructions, Part 1.06

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

During the trial you, members of the jury, heard testimony from Dr. Thomas, a government witness. Dr. Thomas offered opinions regarding Dr. Li's conduct which complied with certain standards. An expert is not allowed to render an opinion on a defendant's intent or state of mind, hence you should not interpret Dr. Thomas' testimony as his opinion on Dr. Li's intent. Fed. R. Evid. 704(b)

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7

The Guidelines to which experts and Dr. Li referenced are relevant evidence and you should take them into consideration when rendering your decision although they are not binding legally. U.S. v. Zolot

Respectfully submitted:

*/s/ Michael E. Weinstein*
Michael E. Weinstein, Esquire
Attorney I.D. #20806
410 Broad Street
Milford, PA 18337
Tel: (570) 296-7300
Fax: (570) 296-8600

*/s/ William Ruzzo*
William Ruzzo, Esquire
Attorney I.D. #75865
590 Rutter Avenue
Kingston, PA 18704
Tel: (570) 288-7799
Fax: (570) 288-7798

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | NO. 3:16-CR-194 |
|---|---|---|
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| FUHAI LI, | : | |
| Defendant | : | |

## CERTIFICATE OF CONCURRENCE

Undersign counsel hereby certify that they will be contacting Michelle Olshefski, Assistant U.S. Attorney, personally regarding concurrence.

Respectfully submitted:

*/s/ Michael E. Weinstein*
Michael E. Weinstein, Esquire
Attorney I.D. #20806
410 Broad Street
Milford, PA 18337
Tel: (570) 296-7300
Fax: (570) 296-8600

*/s/ William Ruzzo*
William Ruzzo, Esquire
Attorney I.D. #75865
590 Rutter Avenue
Kingston, PA 18704
Tel: (570) 288-7799
Fax: (570) 288-7798

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | NO. 3:16-CR-194 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| FUHAI LI, | : | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

We, William Ruzzo, Esquire and Michael Weinstein, Esquire, hereby certify that on the 30th day of May, 2018, we served Defendant's Requested Jury Instructions, via ECF upon:

Michelle Olshefski, Esquire
Assistant U.S. Attorney

Respectfully submitted:

*/s/ Michael E. Weinstein*
Michael E. Weinstein, Esquire
Attorney I.D. #20806
410 Broad Street
Milford, PA 18337
Tel: (570) 296-7300
Fax: (570) 296-8600

*/s/ William Ruzzo*
William Ruzzo, Esquire
Attorney I.D. #75865
590 Rutter Avenue
Kingston, PA 18704
Tel: (570) 288-7799
Fax: (570) 288-7798